# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

---

WILLIAM DeROCHE vs. MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION & another.[1]

Middlesex. April 6, 2006. - June 12, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Employment,* Discrimination, Retaliation. *Emotional Distress. Anti-
Discrimination Law,* Employment, Age, Attorney's fees. *Damages,* Emo-
tional distress, Interest, Attorney's fees. *Massachusetts Commission Against
Discrimination. Interest. Governmental Immunity. Massachusetts Tort
Claims Act. Practice, Civil,* Attorney's fees.

Evidence in a civil action for damages based on a municipal employer's
unlawful retaliation against the plaintiff employee for filing a complaint al-
leging age discrimination in violation of G. L. c. 151B, § 4, did not sup-
port an award for emotional distress. [7-9]
This court announced that prejudgment interest may properly be imposed on a
damages award under G. L. c. 151B against a public employer, where the

---

[1]Wakefield Municipal Gas & Light Department (department).

Legislature has expressed its intention, manifest through a natural and ordinary reading of the statute, that sovereign immunity with respect to the imposition of interest on a G. L. c. 151B damage award has been waived [9-11]; therefore, such interest was properly awarded in a civil action for retaliatory discrimination against a municipal utility company, which was, as a department of the town, a public entity [11-14].

A Superior Court judge acted well within his authority in modifying an award of back pay by the Massachusetts Commission Against Discrimination (commission) to include an assessment of interest in conformity with the statutory rate of twelve per cent provided for in G. L. c. 231, § 6B, where the commission had denied interest based on an error of law [14-15]; nevertheless, the plaintiff was not entitled to prejudgment interest on his front pay award [15], and there was no justification for calculating the back pay interest from a date that preceded the unlawful retaliatory conduct on which the action was premised [15-16].

This court concluded that the language of G. L. c. 151B, § 5, providing that a prevailing party before the Massachusetts Commission Against Discrimination (commission) is entitled to reasonable costs and attorney's fees, supports an award of reasonable attorney's fees and costs to a prevailing plaintiff in an administrative appeal pursuant to G. L. c. 151B, § 6 [16-18]; accordingly, a plaintiff who succeeded in defending a favorable decision from the commission appropriately made a motion in the Superior Court requesting such fees and costs, and a judge in that court could consider an award compensating the plaintiff for expenses incurred in connection with those issues on which the plaintiff prevailed in the Superior Court [18-19].

CIVIL ACTIONS commenced in the Superior Court Department on October 15 and October 17, 2003.

After consolidation, the cases were heard by *Geraldine S. Hines*, J., on motions for judgment on the pleadings, and a motion for attorney's fees and costs was heard by *Stephen E. Neel*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Nicholas J. Scobbo, Jr.* (*Ann Ryan-Small* with him) for Wakefield Municipal Gas & Light Department.

*Seth H. Hochbaum* for the plaintiff.

*Beverly I. Ward* for Massachusetts Commission Against Discrimination.

The following submitted briefs for amici curiae:

*Thomas F. Reilly*, Attorney General, & *Peter Sacks*, Assistant Attorney General, for the Commonwealth.

*James S. Weliky* for National Employment Lawyers' Association, Massachusetts Chapter.

GREANEY, J. This appeal arises out of a decision by the Massachusetts Commission Against Discrimination (commission) that the Wakefield Municipal Gas & Light Department (department) unlawfully retaliated against the plaintiff for filing a complaint with the commission claiming that the department had discriminated against him on the basis of his age in violation of G. L. c. 151B, § 4 (4). The commission ordered the department to pay the plaintiff damages in the amount of $260,000, including $50,000 to compensate him for emotional distress, but failed to provide for interest on the damages. The plaintiff and the department both sought judicial review of the commission's decision pursuant to G. L. c. 151B, § 6. After a hearing in accordance with standards set forth in G. L. c. 30A, § 14, a judge in the Superior Court entered a judgment affirming the commission's determination that the department had committed retaliatory employment action and the commission's award of damages, and, in addition, declaring that interest be assessed on the damages. A second judge in the Superior Court denied the plaintiff's motion for reasonable attorney's fees and costs for services performed during the G. L. c. 30A proceedings in the Superior Court.

Both parties have appealed. The department does not contest its liability under G. L. c. 151B, but claims that the judge lacked authority to assess interest on the damages awarded the plaintiff and, further, that the award of $50,000 in damages for emotional distress is unsupported by the plaintiff's evidence. The plaintiff, in turn, asserts his entitlement to reasonable attorney's fees and costs incurred in connection with successfully defending the commission's decision before the Superior Court. We allowed the plaintiff's application for direct appellate review and, for reasons set forth in this opinion, conclude that the plaintiff is entitled to (1) no damages for emotional distress for the department's retaliatory conduct; (2) prejudgment interest, at the rate of twelve per cent per annum, assessed on the damages for back pay, calculated from May 6, 1996, the date of the retaliatory conduct, until June 1, 2005, the date judgment entered in his favor; and (3) reasonable attorney's fees and costs incurred during the appeal to the Superior Court of the commission's award in connection with those issues on which

he ultimately prevailed. We remand the case to the Superior Court for modification of the judgment in accordance with this opinion.

The background of the case may be summarized as follows. The department is a municipal electric department established by the voters of the town of Wakefield (town), pursuant to G. L. c. 164, § 34, to operate the light plant owned by the town. The plaintiff was employed at the department from 1950 until 1993, when he retired (believing that his retirement was mandatory) at age sixty-five. The town retirement board processed the plaintiff's application for retirement without informing him that, due to a change in the public employee retirement statute, G. L. c. 32, he was not required to retire until he was seventy years of age. Approximately two years later, a manager at the department notified the plaintiff of the change in G. L. c. 32. The plaintiff responded to this unexpected news, first, by requesting a financial settlement to compensate for his premature retirement and, later, by requesting from the department reinstatement to his former position and reimbursement of lost wages and overtime pay. The plaintiff sought answers from the department and the retirement board as to how such a mistake could happen, but his attempts to pinpoint responsibility in the matter proved fruitless.

On February 15, 1996, the plaintiff filed a complaint with the commission alleging that the town retirement board and the department had "forced" his retirement, thereby unlawfully discriminating against him on account of his age, in violation of G. L. c. 151B.[2] In response to the plaintiff's complaint, the department offered to reinstate the plaintiff to his former position. The plaintiff returned to work in May, 1996, but resigned, after only one day, on learning that he had been assigned to the position of lead lineworker in a line crew, which was a more dangerous and physically demanding position than the one he left in 1993, which was lead lineworker in a home

---

[2]The plaintiff's complaint with the commission also charged the town of Wakefield (town) and the Wakefield retirement board (board) with age discrimination. The commission's hearing officer dismissed the claim against the town, but concluded that the board had discriminated against the plaintiff when it had processed his retirement in 1993 without informing him that his retirement was not mandatory. These charges are not part of this appeal.

service crew. The plaintiff then amended his complaint with the commission to add a claim of retaliation.

After a hearing, a commission hearing officer determined that the department's failure to inform the defendant that he was not required to retire at age sixty-five did not constitute discrimination under G. L. c. 151B, but that the department's conduct in assigning the plaintiff to the line crew rather than the home service crew on his May, 1996, return to employment was adverse action in retaliation for the plaintiff's having filed a complaint with the commission. The hearing officer ordered the department to pay the plaintiff compensatory damages in the sum of $260,000, representing $210,000 in damages for back and front pay and $50,000 in damages for emotional distress. Under the authority of a decision of the Appeals Court, see *Boston* v. *Massachusetts Comm'n Against Discrimination*, 39 Mass. App. Ct. 234 (1995), the hearing officer denied the plaintiff's request to assess interest against the department.[3] On appeal to the full commission, brought by both the department and the plaintiff, the hearing officer's decision was affirmed in all respects.[4]

Both the department and the plaintiff sought judicial review of the commission decision, and the cases were consolidated in the Superior Court. The department challenged the commission's finding of retaliation and its award of emotional distress damages. The plaintiff appealed from that part of the order which denied the assessment of interest on the award. Prior to the hearing before the judge in the Superior Court, the commission, which had taken the position that the department's status as a public entity rendered it exempt from paying interest on damages awarded under G. L. c. 151B, joined the plaintiff's efforts to reverse its own decision on that point.

---

[3]The decision relied on by the hearing officer, *Boston* v. *Massachusetts Comm'n Against Discrimination*, 39 Mass. App. Ct. 234 (1995), has since been overruled by *Trustees of Health & Hosps. of Boston, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 65 Mass. App. Ct. 329, 339 n.12 (2005).

[4]The commission also awarded the plaintiff the sum of $48,890.40 in reasonable attorney's fees and costs, denying the plaintiff's request for a fifty per cent enhancement. The attorney's fees and costs awarded by the commission are not at issue in this appeal.

Considering the parties' motions for judgment on the pleadings, a judge in the Superior Court affirmed the commission's decision that the department had retaliated against the plaintiff and its award of damages. The judge, however, reversed the commission's decision with respect to the imposition of interest, based on her determination that the department is not a public entity and, therefore, not protected by principles of sovereign immunity. Accordingly, the judge denied the department's motion for judgment on the pleadings and allowed the plaintiff's motion for judgment on the pleadings with respect to the assessment of interest on the damages award of front and back pay. The department's motion for reconsideration of the judge's order was denied, and the department thereafter filed an appeal from the judge's orders.[5] The judge subsequently issued a "corrected judgment on finding of the court" clarifying that the department is to pay the plaintiff the sum of $308,890.40 (the total sum awarded by the commission, representing $210,000 in front and back pay damages, $50,000 in emotional distress damages, and $48,890.40 for reasonable attorney's fees and costs, see note 4, *supra*), with interest in the amount of $290,119.80 (reflecting a rate of twelve per cent assessed on the total amount of damages from February 15, 1996, to June 1, 2005), and ordering postjudgment interest to accrue from and after June 1, 2005 (the date the original judgment entered).[6]

The plaintiff filed a motion for attorney's fees and costs incurred in connection with the G. L. c. 30A review of the commission's decision. This motion was considered by a second judge in the Superior Court who, after a hearing, concluded that there is no statutory authority for the award of the requested fees. The plaintiff appealed from the denial of his request for

---

[5]As has been indicated, the department no longer contests the order affirming the commission's determination of retaliation by the department.

[6]The department contends that the modification effected by the corrected judgment, assessing interest on the award of emotional distress damages as well as on lost wages, was substantive, and claims on appeal that the judge lacked authority to make this modification in the absence of a motion filed by either the plaintiff or the commission, pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), requesting alteration or amendment of the judgment, or Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), requesting relief from the judgment. In view of our conclusion that the plaintiff is not entitled to emotional damages, it is not necessary to address this claim.

reasonable attorney's fees and costs, and as has been mentioned, we granted the plaintiff's application for direct appellate review.

1. We first address the commission's award of $50,000 in emotional distress damages. In *Stonehill College* v. *Massachusetts Comm'n Against Discrimination*, 441 Mass. 549, 575-577 (2004), we clarified the standards governing an award by the commission for damages to compensate a plaintiff for emotional distress caused by an employer's discriminatory conduct and enumerated factors a reviewing judge should consider in determining whether such an award may stand. A critical point expressed in our *Stonehill* decision was that a finding by the commission of discrimination, or retaliation, is insufficient by itself, as matter of law, to permit an inference of emotional harm. See *id.* at 576, citing Equal Employment Opportunity Commission: Policy Guide on Compensatory and Punitive Damages under 1991 Civil Rights Act (July 7, 1992), reprinted in Fair Empl. Prac. Man. (BNA) 405:7091-405:7102. We emphasized that emotional distress, to be compensable, must be proved by substantial evidence of the emotional suffering that occurred, as well as substantial evidence of a causal connection between the complainant's emotional distress and the respondent's unlawful act. See *id.* at 576-577. Factors to be considered include "(1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm (e.g., by counseling or by taking medication)." *Id.* at 576. The factual basis for emotional distress damages awarded by the commission must be clear on the record, and a reviewing judge must set aside (or remit to an appropriate amount) awards that are not supported by substantial evidence. See *id.* at 576-577; G. L. c. 30A, § 14. An emotional distress damage award may not be imposed as a substitute for punitive damages (which the commission is not authorized, under G. L. c. 151B, § 5, to award). See *id.* at 575-576.

The hearing officer found that the plaintiff, his wife, and his daughter presented "sincere, credible, and compelling" testimony about the emotional impact on the plaintiff resulting from his original retirement in September, 1993. The plaintiff

described his work at the department as "his whole life." His wife testified that the plaintiff "dreaded" the approach of his sixty-fifth birthday and was "shattered" that he had to give up his job after forty-three years when he did not feel physically or mentally ready to retire. The plaintiff's daughter used the words "despondent," "devastated," and "very depressed" to describe the plaintiff in the days leading up to his retirement. She stated that her father, on learning of the mistake that had occurred with respect to his mandatory retirement age, was "broken-hearted" and "couldn't understand and still can't understand how (a) something like this could happen and (b) no one could give him an explanation." According to his wife, the plaintiff felt "devastated" and "angry" at the manner in which the department and the retirement board "shuffled him back and forth" and described the plaintiff's outrage that he was not treated with dignity or respect after forty-three years of service to the department. The plaintiff testified that his attempts to assign responsibility, and obtain redress, for the mistake, made him feel like a "yo-yo going back and forth." When asked specifically how he felt on being assigned to the line crew, the plaintiff responded, "I just couldn't understand the line of reasoning." The department argues that this evidence does not support the commission's award of $50,000 in damages for emotional distress. We agree.

The award appears to be a classic example of what the principles set forth in our *Stonehill* decision were intended to discourage. The evidence presented at the hearing with respect to the plaintiff's distressed emotional state relates either to emotions experienced by the plaintiff in the months and weeks leading up to his impending retirement in 1993, or to the plaintiff's reaction after being informed of the mistake, in the fall of 1995, and lacks any causal connection with the finding of retaliation against the department.[7] According to the plaintiff's testimony, his over-all health had been exemplary since 1996. The plaintiff stated that he never had to seek medical help, or take medica-

---

[7] We note that the commission also awarded the plaintiff $50,000 in damages to be paid by the retirement board as compensation for emotional distress caused by its failure to inform the plaintiff that his retirement at age sixty-five was not mandatory.

tion, for symptoms related to emotional distress. There was no testimony that the plaintiff experienced physical manifestations of distress, such as loss of appetite or difficulty in sleeping, or that the plaintiff was compelled to curtail his life activities in any way due to stress from the department's retaliatory action. The only evidence offered by the plaintiff on his mental state after his assignment to the line crew in May, 1996, was his testimony that he "couldn't understand" the reasoning that led to the assignment. This testimony falls far below the factual basis for an emotional distress award deemed sufficient in our *Stonehill* decision and cannot constitute substantial evidence to support the commission's determination that such an award was warranted.[8] The commission's award of emotional distress damages, therefore, cannot stand.[9]

2. We next address the department's challenge to the imposition of interest on the damages awarded the plaintiff. In *Boston* v. *Massachusetts Comm'n Against Discrimination*, 39 Mass. App. Ct. 234, 245-246 (1995), the Appeals Court recognized that G. L. c. 151B is silent on the subject of interest on awards against the Commonwealth or its instrumentalities. Relying on decisions of this court addressing the issue of interest under the Massachusetts Tort Claims Act, G. L. c. 258, see *Onofrio* v. *Department of Mental Health*, 411 Mass. 657, 659 (1992), and under the statute providing compensation to victims of violent crimes, G. L. c. 258A, see *Gurley* v. *Commonwealth*, 363 Mass. 595, 600 (1973), the Appeals Court held that interest could not permissibly be imposed on an award under G. L. c. 151B against a public entity. See *Boston* v. *Massachusetts Comm'n Against*

---

[8]At the conclusion of the plaintiff's testimony, the hearing officer inquired whether the plaintiff had anything else that he wanted to add. The plaintiff responded: "Well, [it] just kind of overwhelms me. I — you know, I just wanted to go back to work. I didn't expect all these things to happen. This, you know, just overwhelms me. This is all new. I didn't know these things went on. That's about it, I guess." Based on these words in the transcript, the judge in the Superior Court attributed to the plaintiff the state of mind that he felt "overwhelm[ed] by losing his job for a second time." The plaintiff never specifically stated that he felt overwhelmed by losing his job for a second time.

[9]It is of no significance to the present issue that our decision in *Stonehill College* v. *Massachusetts Comm'n Against Discrimination*, 441 Mass. 549, 576 (2004), was released after the commission affirmed the award.

*Discrimination, supra.* In a later case, *Salem* v. *Massachusetts Comm'n Against Discrimination*, 44 Mass. App. Ct. 627 (1998), the Appeals Court reiterated the rule, explaining that the rule "presents an application of the doctrine of sovereign immunity." *Id.* at 646. On appeal, the commission and the plaintiff take the position that the *Boston* decision was wrongly decided and that G. L. c. 151B, § 5, creates a waiver of sovereign immunity with respect to interest. The department, on the other hand, argues that (a) it is a public entity, and (b) therefore, not subject to the assessment of interest under G. L. c. 151B; but (c) to the extent that interest may be assessed, it should not be computed at twelve per cent, but at the floating interest rate set forth in G. L. c. 231, § 6I, and (d) should be calculated only on that portion of the damage award representing back pay and (e) from the date of the retaliatory action and not from the date that the plaintiff filed his original complaint with the commission.[10]

(a) We agree with the department that it is a public entity. The citizens of the town voted to create the department, G. L. c. 164, § 55, and the department's board of commissioners (board) is comprised of members elected by those same citizens. *Id.* It is the town that owns the light plant that the department operates. G. L. c. 164, § 34. The manager of the department, who has "full charge of the operation and management of the plant," is appointed by the board. G. L. c. 164, § 56.

The Legislature has specifically placed the department in the class of entities subject to the Tort Claims Act, thereby reflecting its view that the department is in that class of entities afforded the protections of sovereign immunity. See G. L. c. 258, § 1 ("[p]ublic employer" means "any . . . town . . . and any department . . . thereof . . . including a municipal gas or electric plant"). The department is subject to the requirements of G. L. c. 39, § 23B (open meeting law), and G. L. c. 66, § 10 (public records statute), which apply only to public entities. See G. L. c. 39, § 23A. See also G. L. c. 4, § 7, Twenty-sixth.

The plaintiff directs our attention to *Middleborough* v. *Middle-*

---

[10]Our conclusion that the plaintiff is not entitled to an award of emotional distress damages obviates the need to consider the department's claim that the Superior Court judge erred in assessing interest on that award.

*borough Gas & Elec. Dep't.*, 422 Mass. 583 (1996), and asserts that our decision in that case compels the conclusion that the department is an institution financially and politically distinct from the town. We do not agree. The question presented in the *Middleborough* case was whether a town and its electric department are sufficiently independent from each other to allow a suit by the town against its electric department for losses caused by a fire. See *id.* at 585. We answered that question in the affirmative. See *id.* at 588. Our conclusion today that the department is, nonetheless, a public entity in no way undermines what was said in the *Middleborough* decision. The department's independence from the town includes the power to contract on behalf of itself, to enter into collective bargaining agreements, and to make its own employment decisions. It is a self-funded, profit-making entity that sets its own budget and pays its own expenses from the revenues it generates and, unlike other town departments, does not depend on appropriations from the town. Although its employees are paid through the town treasurer's office by town-issued paychecks, the department maintains a separate account with the town treasurer. The statutory framework permits the department a significant degree of autonomy from the town. However, as a legal and practical matter, the department is a department of the town and, like the town, is a public entity.

(b) The department's status as a public entity does not, however, necessarily entitle it to immunity from the imposition of interest on damages assessed against it under G. L. c. 151B. The Appeals Court recently reconsidered that question, in light of our decision in *Bain* v. *Springfield*, 424 Mass. 758 (1997), clarifying the principle of sovereign immunity and stating that "immunity is still in effect unless consent to suit has been 'expressed by the terms of a statute, or appears by necessary implication from them,' " *id.* at 763, quoting *C & M Constr. Co.* v. *Commonwealth*, 396 Mass. 390, 392 (1985), and held that prejudgment interest may properly be awarded by the commission against the Commonwealth under G. L. c. 151B. See *Trustees of Health & Hosps. of Boston, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 65 Mass. App. Ct. 329,

336-338 (2005).[11] The question is an important one, and we consider it today for the first time.[12]

The general rule of law with respect to sovereign immunity is that the Commonwealth or any of its instrumentalities "cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed [by] statute." *General Elec. Co.* v. *Commonwealth*, 329 Mass. 661, 664 (1953), quoting *Glickman* v. *Commonwealth*, 244 Mass. 148, 149-150 (1923). The Legislature has expressly waived sovereign immunity of the Commonwealth "and all political subdivisions . . . thereof" by including them in the statutory definition of persons and employers subject to the statute. See G. L. c. 151B, § 1 (1) and (5). There is no express authorization under the statute, however, for imposition of interest on a damage award against a public employer. See G. L. c. 151B, §§ 5, 6. Nor does G. L. c. 258 (the primary statutory basis for the waiver of sovereign immunity) contain any provision permitting the recovery of prejudgment or postjudgment interest against the Commonwealth. We have repeatedly stated that the "rules of construction governing statutory waivers of sovereign immunity are stringent." *C & M Constr. Co.* v. *Commonwealth, supra,* quoting *Woodbridge* v. *Worcester State Hosp.*, 384 Mass. 38, 42 (1981). See *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 722-723 (1977). Absent statutory language that indicates by express terms a waiver of sovereign immunity,

---

[11]In so holding, the Appeals Court overruled its earlier decisions of *Boston* v. *Massachusetts Comm'n Against Discrimination*, 39 Mass. App. Ct. 234 (1995), and *Salem* v. *Massachusetts Comm'n Against Discrimination*, 44 Mass. App. Ct. 627 (1998). See note 3, *supra.*

[12]In *Clifton* v. *Massachusetts Bay Transp. Auth.*, 445 Mass. 611 (2005), we noted our agreement with the Appeals Court's conclusion that the plaintiff in that case was entitled to prejudgment and postjudgment interest on an award of compensatory damages against the Massachusetts Bay Transportation Authority (MBTA) for discriminatory conduct in violation of G. L. c. 151B. See *id.* at 624 n.11. The interest allowed in the *Clifton* decision was based on express language in G. L. c. 161A, § 38, which provides that the MBTA shall be liable in tort "in the same manner as though it were a street railway company" and sets no cap on the amount of damages recoverable. See *Clifton* v. *Massachusetts Bay Transp. Auth.*, 62 Mass. App. Ct. 164, 178 (2004). What was said in the *Clifton* decision, therefore, does not apply to the present case.

the Legislature's intent to subject the Commonwealth to liability may be found only when such an intent is clear "by necessary implication" from the statute's terms. See *Woodbridge* v. *Worcester State Hosp., supra.*

The fact that the Legislature did not specifically authorize interest on G. L. c. 151B damage awards against the Commonwealth, therefore, does not preclude the imposition of interest on the damages awarded the plaintiff based on the necessary implication of the statute's terms. We reasoned in *Bain* v. *Springfield, supra,* that although the statute does not definitively provide for an award of punitive damages against the Commonwealth or its subdivisions, the express provision for the imposition of actual and punitive damages against "persons" and "employers" subject to the statute, § 9, logically read in conjunction with § 1 (1) and (5), lead to the inevitable conclusion that the Legislature must have chosen to subject public employers to punitive, as well as actual, damages. We apply the same reasoning to this case.

General Laws c. 151B, § 5, empowers the commission to "take such affirmative action, including, but not limited to, hiring, reinstatement or upgrading of employees, with or without back pay . . . as, in the judgment of the commission, will effectuate the purposes of this chapter." This language "represents a significant delegation of discretion and authority by the Legislature to the administrative agency established to enforce the Commonwealth's anti-discrimination laws." *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 303, 316 (1976). We have interpreted this language to permit the commission to award prejudgment interest (against private employers) in conformity with G. L. c. 231, § 6B,[13] on a back pay award from the commencement of the proceedings, on the basis that such an award furthers the goal of remedying the wrongs of discrimination and making complainants whole for their injuries. See *New York & Mass. Motor*

---

[13]General Laws c. 231, § 6B, provides: "In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damages to property, there shall be added by the clerk to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law."

*Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination,*
401 Mass. 566, 583 (1988); *College-Town, Div. of Interco, Inc.*
v. *Massachusetts Comm'n Against Discrimination,* 400 Mass.
156, 170 (1987). See also *Loeffler* v. *Frank,* 486 U.S. 549, 557-
558 (1988) (prejudgment interest traditionally considered part
of back pay remedy because necessary to make victim whole);
*Stonehill College* v. *Massachusetts Comm'n Against Discrimina-
tion,* 441 Mass. 549, 570-575 (2004) (reaffirming commission's
broad authority to award "make whole" relief). Because G. L.
c. 151B, § 5, authorizes the remedy of prejudgment interest,
and public employers are, by virtue of § 1 (1) and (5), subject
to the mandates of the statute, we are satisfied that the
Legislature has expressed its intention, manifest through a
natural and ordinary reading of the statute, that sovereign im-
munity with respect to the imposition of interest on a G. L.
c. 151B damage award has been waived. See *Trustees of Health
& Hosps. of Boston* v. *Massachusetts Comm'n Against Discrimi-
nation,* 65 Mass. App. Ct. 329, 338-339 (2005). This conclusion
is in accordance with the broad authority granted the commis-
sion by the Legislature to order a full range of remedies that
will further the purpose of eradicating the evil of discrimina-
tion, authority that provides overarching guidance for this court
in virtually all of our decisions involving discrimination cases,
most recently in *Gasior* v. *Massachusetts Gen. Hosp.,* 446 Mass.
645, 653-656 (2006).[14]

(c) This court long ago approved the commission's assess-

---

[14]The plaintiff and the commission suggest that our recent decision in *Brook-
field* v. *Labor Relations Comm'n,* 443 Mass. 315, 324-326 (2005), in which we
examined broad remedial provisions contained in G. L. c. 150E, § 11, and
determined that the Legislature has, by necessary implication, waived sovereign
immunity with respect to awards of prejudgment interest on damages awarded
against public entities by the Labor Relations Commission, virtually compels a
similar conclusion with respect to the commission's authority under G. L.
c. 151B. Although there are relevant similarities between the two statutory
schemes, see, e.g., *New York & Mass. Motor Serv., Inc.* v. *Massachusetts
Comm'n Against Discrimination,* 401 Mass. 566, 581 n.14 (1988); *Conway* v.
*Electro Switch Corp.,* 825 F.2d 593, 601 (1st Cir. 1987) (noting that G. L.
c. 150E is "virtually identical" to G. L. c. 151B with regard to scope of its
remedial provision), there are enough significant dissimilarities between the two
statutes to make us wary of adopting the *Brookfield* decision as authority for our
conclusion that the commission is authorized to award prejudgment interest on
the back pay damage award against the department.

ment of interest on back pay awards in conformity with the statutory rate of twelve per cent provided for in G. L. c. 231, § 6B. See *New York & Mass. Motor Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination, supra* at 583-584; *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination, supra* at 169-170. Our approval was based, primarily, on the Legislature's grant of broad discretionary authority to the commission to fashion remedies for victims of discrimination. See *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination, supra.* See also *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 390-391 & n.7 (1988) (observing that commission's twelve per cent interest award was appropriate exercise of agency discretion). Modification of the commission's award to impose the twelve per cent rate was well within the authority of the judge, pursuant to G. L. c. 30A, § 14, where the commission had denied interest based on an error of law.[15]

(d) We also have spoken clearly on the issue of the interest on front pay awards in discrimination cases. In *Conway* v. *Electro Switch Corp., supra* at 390, we stated that there was "no justification for adding interest to damages which, by definition, are for losses to be incurred in the future." We decline to revisit this issue. While the plaintiff is entitled to prejudgment interest on the back pay damage award, he is not entitled to prejudgment interest on the front pay award.[16]

(e) The commission awarded the plaintiff back pay damages

[15]We reject the department's argument that our decision in *Secretary of Admin. & Fin.* v. *Labor Relations Comm'n*, 434 Mass. 340 (2001), in which we determined that the floating rate set forth in G. L. c. 231, § 6I, was the appropriate rate to be applied to awards under G. L. c. 150E, requires that we apply the floating rate of interest here. We alluded to major differences between the commission and the Labor Relations Commission in note 14, *supra*. These differences include the fact that the latter adjudicates collective bargaining violations by agencies of the Commonwealth involving employees of the Commonwealth, see G. L. c. 150E, §§ 1, 11, while the commission adjudicates cases involving both private and public employers, see G. L. c. 151B, § 1 (1) and (5). Complainants before the Labor Relations Commission do not enjoy a commensurate right of removal to the Superior Court. We decline to equate the two statutory schemes for purposes of setting a rate of interest the commission must impose against public employers found to have violated G. L. c. 151B.

[16]The department had moved to modify an earlier corrected judgment claiming "error or oversights in that interest should have been computed only

from May 6, 1996, the date the department assigned him to the line crew. The judge ordered that interest be assessed on this award from February 15, 1996, the date the plaintiff filed his original complaint of discrimination with the commission. The department contends that there is no justification for calculating interest from a date that precedes the unlawful retaliatory act. We agree. The commission has broad authority and discretion to fashion appropriate remedies to make victims whole for their damages, including the imposition of interest to "compensate a damaged person for the loss of use or the unlawful detention of money." *Conway* v. *Electro Switch Corp.*, *supra* at 390. As has been stated, the judge also had broad authority, pursuant to G. L. c. 30A, § 14, to modify the commission's award to include interest assessed against the department. The statute to which the commission has looked for guidance in determining the appropriate rate of interest provides for prejudgment interest to be calculated "from the date of commencement of the action." G. L. c. 231, § 6B. We have, accordingly, upheld awards by the commission of interest on back pay damages calculated from the date of the filing of the original complaint with the commission, even where much of the back pay had not accrued until after that initial date. See *New York & Mass. Motor Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination*, *supra* at 583; *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination*, *supra* at 169-170, citing *Gill* v. *North Shore Radiological Assocs.*, 385 Mass. 180, 182-183 (1982) (G. L. c. 231, § 6B, to be "taken literally"). In this case, however, we see no justification for calculating interest on an award of back pay over a period of time that predates entirely that period of time for which the back pay was awarded. See *Conway* v. *Electro Switch Corp.*, *supra* at 390. We conclude, therefore, that the assessment of interest on the award of back pay should commence on the date the back pay began to accrue, May 6, 1996.

3. We turn to the issue of the plaintiff's entitlement to reason-

on the sum of $210,000, representing the damages awarded to [the plaintiff] for front and back pay." This motion is somewhat inconsistent with the position the department now argues on appeal: interest does not apply to front pay. We nevertheless do not consider the matter waived, a point not argued by the parties.

able attorney's fees and costs incurred in pursuing an administrative appeal, and in defending against the department's administrative appeal, from the commission's final decision to the Superior Court. Neither § 5 nor § 6 of G. L. c. 151B specifically authorizes an award of reasonable attorney's fees and costs for an administrative appeal. Section 5 provides for the commission to award reasonable attorney's fees and costs to any prevailing complainant before it, and § 6, which provides for an administrative appeal pursuant to G. L. c. 30A, is silent on attorney's fees altogether. In *Wynn & Wynn, P.C.* v. *Massachusetts Comm'n Against Discrimination*, 431 Mass. 655, 675-677 (2000), we held that a prevailing plaintiff is entitled to reasonable attorney's fees incurred both in proceedings before the commission and in connection with the employer's appeal to this court from the decision of a judge in the Superior Court affirming the commission's decision. Although the plaintiff in that case had been awarded attorney's fees by the Superior Court judge in connection with the administrative appeal, that award was not challenged on appeal, and therefore, we had no occasion to consider the question whether such an award was proper. See *id.* at 658 n.5. Considering that question now, we have difficulty understanding why a plaintiff would be able to recover reasonable attorney's fees and costs incurred in proceedings before the commission, see G. L. c. 151B, § 5, and reasonable attorney's fees and costs incurred in appellate proceedings before an appellate court, see *Wynn & Wynn, P.C.* v. *Massachusetts Comm'n Against Discrimination*, *supra* at 677, yet be denied the ability to recover reasonable attorney's fees and costs incurred in the middle, yet necessary, step of administrative review before the Superior Court. Such a result would appear consistent with neither logic nor law. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 19 (1989) (prevailing plaintiff entitled to appellate attorney's fees in action under G. L. c. 93A, § 9, because "statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal"). See also *Twin Fires Inv., LLC* v. *Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 432-433 (2005) (prevailing plaintiff entitled to appellate attorney's fees and costs under G. L. c. 93A, § 11).

The Appeals Court recently considered the identical issue as presented here and held that "[e]ntitlement to an award of attorney's fees is . . . inherent in a claim brought under [G. L. c. 151B] and extends to appellate fees." *Lowell* v. *Massachusetts Comm'n Against Discrimination*, 65 Mass. App. Ct. 356, 357 (2006). We agree with the Appeals Court and now conclude that the language of G. L. c. 151B, § 5, providing that a prevailing party before the commission is entitled to reasonable costs and attorney's fees, supports an award of reasonable attorney's fees and costs to a prevailing plaintiff in an administrative appeal pursuant to G. L. c. 151B, § 6. To hold otherwise would discourage private attorneys from pursuing claims beyond the administrative stage of the proceedings and contravene the legislative purpose of vindicating the rights of victims of unlawful discrimination. See *McLarnon* v. *Jokisch*, 431 Mass. 343, 350 (2000) (prevailing appellants in action under G. L. c. 231, § 59H, entitled to recover reasonable appellate attorney's fees or statute's provisions regarding award of fees would "ring hollow").[17]

The plaintiff's motion in the Superior Court requesting reasonable attorney's fees and costs for work done in that court was entirely appropriate. A judge in that court may consider the motion and award that amount of the requested attorney's fees and costs that he or she deems reasonable.[18] The plaintiff is, of course, entitled to compensation only for those attorney's fees

---

[17]The department's claim of sovereign immunity in connection with an award of reasonable attorney's fees and costs was not raised before the commission or the judge in the Superior Court. We nonetheless consider the claim and reject it on the merits, essentially, for the reasons set forth in Part 2 of this opinion. Indeed, the department's claim of immunity as to attorney's fees is less persuasive than its claim of immunity as to awards of interest. This is so, primarily, because G. L. c. 151B, §§ 5 and 9, contain express statutory authority for an award of reasonable attorney's fees and costs to a prevailing complainant. We find this to be a clear indication of the Legislature's intent to make all "persons" and "employers" subject to the statute (including public entities such as the department) responsible for payment of reasonable attorney's fees and costs incurred in connection with a claim of discrimination by a victim of their unlawful actions. See *Bain* v. *Springfield*, 424 Mass. 758, 763-764 (1997). This case thus is instantly distinguishable from cases cited by the department.

[18]We reject the plaintiff's assertion that the judge in the Superior Court was authorized to award reasonable attorney's fees and costs incurred between the

and costs incurred in connection with those issues on which he prevailed in the Superior Court.

4. We remand this case for modification of the judgment entered against the department in a manner consistent with Parts 1 and 2 of this opinion as follows:

(a) striking the award for damages for emotional distress;

(b) striking the award for prejudgment interest on the damages awarded for back and front pay and entering an award for prejudgment interest on the damages awarded for back pay only, from May 6, 1996, until June 1, 2005.

We also vacate the separate judgment entered denying the plaintiff's request for reasonable attorney's fees and costs incurred in connection with his administrative appeal to the Superior Court, and remand the matter to the Superior Court for proceedings in accordance with Part 3 of this opinion.[19]

The plaintiff has requested in his brief an award of appellate attorney's fees and costs in connection with this appeal. He is entitled to such an award, based on the time and funds reasonably expended on those issues on which he ultimately prevailed before this court. He may file a petition for reasonable attorney's fees and costs in accordance with the procedure set forth in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004).

*So ordered.*

---

filing of his petition for attorney's fees and costs with the commission and the issuance of the commission's decision affirming the decision of the hearing officer. The proper forum in which to bring such a request is the commission. See G. L. c. 151, § 5.

[19]The department has presented no independent argument as to why, if sovereign immunity has been waived in connection with prejudgment interest, that part of the judgment allowing postjudgment interest should not be affirmed. What has been said with respect to sovereign immunity thus applies to both prejudgment and postjudgment interest, for purposes of this opinion. We reject the plaintiff's request, contained in a footnote in his brief, for an assessment of postjudgment interest on the monetary amount on which he and the department settled the latter's appeal of the decision of the judge in the Superior Court affirming the commission's determination of retaliation and the monetary amount to be paid the plaintiff for attorney's fees and costs incurred in connection with proceedings before the commission.