Neel, Stephen E., J.
Plaintiff William DeRoche (plaintiff) moves for an award of postjudgment interest on prejudgment interest and on attorneys fees and costs awarded for services rendered in the trial court proceedings.
I. Postjudgment Interest on Prejudgment Interest
The corrected judgment in this case entered in the Superior Court stated that defendant Wakefield Municipal Gas and Light Department (department) is to pay plaintiff William DeRoche (plaintiff) $210,000 in front and back pay damages, $50,000 in emotional distress damages, and $48,890.40 for reasonable attorneys fees and costs, with interest in the amount of $290,119.80, reflecting a rate of twelve percent assessed on the total amount of damages from Februaiy 15, 1996, to June 1, 2005, and ordering postjudgment interest to accrue from and after June 1, 2005 (the date the original judgment entered). DeRoche v. Wakefield Municipal Gas and Light Department, 447 Mass. 1, 6 (2006). The Supreme Judicial Court, on appeal, ordered that the corrected judgment be modified by striking both the damages for emotional distress, and “the award for prejudgment interest on the damages awarded for back and front pay and entering an award for prejudgment interest on the damages awarded for back pay only, from May 6, 1996 [the date of the retaliation], until June 1, 2005.” Id. at 19.
With regard to that part of the judgment allowing postjudgment interest, Supreme Judicial Court stated that
[w]hat has been said with respect to sovereign immunity . . . applies to both prejudgment and postjudgment interest, for purposes of this opinion. We reject the plaintiffs request, contained in a footnote of his brief, for an assessment of postjudgment interest on the monetary amount on which he and the department settled the latter’s appeal of the decision of the judge in the Superior Court affirming the commission’s determination of retaliation and the monetary amount to be paid the plaintiff for attorneys fees and costs incurred in connection with proceedings before the commission.
Id. at 19 n.19.
On June 15, 2006, three days after the Supreme Judicial Court decided DeRoche, plaintiffs counsel (attorney Seth H. Hochbaum) sent a letter to Justice John M. Greaney, the decision’s author, stating:
... I write to notify the Court that the partial settlement referenced on pages 8 and 29 of the briefs submitted by the [department] and William DeRoche, respectively, did not materialize. A final settlement agreement was not signed by the parties because of an inability to agree upon its terms. As a result, to date, Mr. DeRoche has not been paid any sums by the Department.
The partial settlement contemplated by the Department and Mr. DeRoche was limited to payment of those portions of the award that were not the subject of the appeal: the front and back pay award and certain attorneys fees awarded by the Commission. The amount and rate of interest (if any) to be paid on these and the other amounts awarded were issues expressly reserved for decision by the Court . . . Accordingly, even if the partial settlement agreement had been finalized and payment made, pre-judgment and post-judgment interest would have been, as a result of the Court’s decision, assessed on the amount paid, with the post-judgment interest accruing through the date of payment.
Under these circumstances, it is respectfully requested that the Court revise footnote 19 of its decision so that there is an assessment of post-judgment interest on the monetary amount which the Department and Mr. DeRoche contemplated settling. Because there was neither (1) a final settlement between the Department and Mr., DeRoche nor (2) payment of any monies by the Department to Mr. DeRoche, footnote 19 should be revised to reflect the entry of an Order assessing post-judgment interest on the awards of back pay and front pay ($210,000), attorneys fees and costs awarded by the MCAD (48,890.40), the prejudgment interest, and the attorneys fees and costs to be assessed by the Superior Court and MCAD. The post-judgment interest should accrue from June 1, 2005 (the date of judgment) through the date on which the *230 aforesaid proceeds have actually been received by Mr. DeRoche.
(Footnotes omitted.)
On June 26, 2006, the department’s counsel (attorney Nicholas J. Scobbo, Jr.) sent a letter to Justice Greaney stating:
... I am writing on behalf of the [department] to petition for rehearing with respect to footnote 19 of the Court’s decision in the above-entitled matter. In footnote 19, the Court observed that the Department had presented no independent argument as to the imposition of postjudgment interest on the damages awarded against the Department. . .
I respectfully point out that. . . the Department did argue specifically that postjudgment interest should not be awarded against the Department [citing the department reply brief].
. . . This Court’s determination that the Department is a public entity, reversing the Superior Court’s determination to the contrary, requires reversing the Superior Court’s order imposing postjudgment interest on the damages awarded against the Department. . .
. . . [T]he fact that this Court has now found that G.L.c. 15 IB, §5 waives immunity to interest for the period before an award of damages does not lead necessarily to the conclusion that the statute also waives immunity to interest after that award.
For this reason, the Department respectfully requests rehearing on the issue of postjudgment interest and revision of that part of footnote 19 that affirms the order of the Superior Court imposing postjudgment interest.
The Department notes its objection to DeRoche’s Petition for Rehearing and the arguments made therein.
The Supreme Judicial Court docket in DeRoche lists each of the above-quoted letters respectively as papers #28 and #29, “petition for rehearing,” and contains the following entry on June 28, 2006: “Denial of petitions for rehearing. (By the Court).”
Subsequently, the department and plaintiff
reached agreement on the amount of pre-judgment interest payable on the back pay damages awarded DeRoche. The Department paid that interest on August 8, 2006. To date, the Department has paid DeRoche a total of $438,032.18, representing the damages for back and front pay ($210,000), prejudgment interest on the back pay damages ($179,141.78), and the attorneys fees and costs awarded by the Commission ($48,890.40).
Department’s Opposition, at 5.
The denial of both petitions for rehearing left unchanged the rights of the parties regarding postjudgment interest, as those rights were addressed and determined in DeRoche. In footnote 19, quoted above, while the court concluded that postjudgment interest is available against the department, it rejected “the plaintiffs request, contained in a footnote of his brief, for an assessment of postjudgment interest on the monetary amount on which he and the department settled the latter’s appeal of the decision of the judge in the Superior Court affirming the commission’s determination of retaliation and the monetary amount to be paid the plaintiff for attorneys fees and costs incurred in connection with proceedings before the commission,” DeRoche, supra, 447 Mass. at 19 n.19.
That the reported settlement did not “materialize,” in plaintiffs words, does not change the effect of the Supreme Judicial Court’s ruling, particularly where the court considered and rejected that as a basis for rehearing the issue. Rather, the Supreme Judicial Court’s denial of rehearing of a matter previously reported to that court to have been settled leaves the parties with their remedies under the reported settlement, which is “a private contract ‘distinct from the claim giving rise to the original litigation.’ ” Warner Ins. Co. v. Commissioner of Insurance, 406 Mass. 354, 360 n.7 (1990) (citation omitted). Such a settlement would be presumed to have included any amount in respect of postjudgment interest. The parties have also subsequently reached agreement on the amount of prejudgment interest due, and that amount has been paid. The Court sees no reason, in light of the chronology just reviewed, to revisit an issue (“post-judgment interest on . . . the prejudgment interest . . . ,” attorney Hochbaum’s June 15, 2006 letter) which the Supreme Judicial Court declined to “rehear.”
II. Postjudgment Interest on Attorneys Fees and Costs
Plaintiff moves for postjudgment interest on attorneys fees and costs for services pertaining to proceedings in the Superior Court (which are awarded in a separate order dated February 12, 2007). G.L.c. 15 IB, §§5 and 6 are now read to entitle a prevailing party to “an award of reasonable attorneys fees and costs . . . in an administrative appeal...” DeRoche, supra at 18. Postjudgment interest on trial attorneys fees is assessed in discrimination cases tried to a jury. Nardone v. Patrick Motor Sales, Inc., 46 Mass.App.Ct. 452, 453 (1999). The Supreme Judicial Court’s rationale for deciding whether attorneys fees themselves are authorized for administrative appeals applies with equal force to whether postjudgment interest on such fees is likewise authorized: “[t]o hold otherwise would discourage private attorneys from pursuing claims beyond the administrative stage of the proceedings and contravene the legislative purpose of vindicating the rights of victims of unlawful discrimination.” DeRoche, supra at 18.
Postjudgment interest on attorneys fees may be charged, however, only from the date on which fees and costs become due. See Tobin & Co., P.C. v. Frye, 65 Mass.App.Ct. 1121 (2006). Here, such interest will *231 begin to run from the date upon which the February 12, 2007 order of the Court awarding attorneys fees and costs is entered on the docket.
ORDER
For the reasons stated above, the motion for postjudgment interest as to prejudgment interest is DENIED, and the motion for postjudgment interest as to attorneys fees and costs awarded by order of the Court of February 8, 2007, is ALLOWED, such interest to begin running on the day upon which that order is entered upon the docket.