Fahey, Elizabeth M., J.
The plaintiff, Richard A. Gorgens (Gorgens), brought this action against the defendants, James V. McGovern and Nancy F. McGovern (collectively, the McGoverns), to collect on a promissory note. On remand, this court now considers an appropriate award of attorneys fees and costs pursuant to G.L.c. 231, §6F solely attributable to defending against the promissory note claim. For the reasons stated herein, this court ORDERS that attorneys fees be awarded to the McGoverns pursuant to G.L.c. 231, §6F in the amount of $261,576.25 plus costs and interest.

BACKGROUND

Gorgens brought suit against the McGoverns on a promissory note. The McGoverns, represented by John E. Scannell (Scannell) of Weymouth, defended the suit by asserting an affirmative defense of “accord and satisfaction” and by filing counterclaims pursuant to G.L.c. 93A, §11 and G.L.c. 231, §6F. This court found in favor of the McGoverns on all claims. Throughout his representation of the McGoverns, Scannell employed the services of paralegal John B. Seward (Seward). Scannell’s billing rate was $150.00, while Seward was billed at $85.00 per hour. This court previously determined that both time charges are reasonable.
Pursuant to G.L.c. 93A, §11 and G.L.c. 231, §6F, the McGoverns moved for attorneys fees and costs associated with the defense of the lawsuit. By Memorandum of Decision and Order, dated November 6, 2001, this court initially awarded the McGoverns $75,342.07 of the $370,092.07 requested attorneys fees.
The McGoverns then sought reconsideration of the amount awarded. On reconsideration, this court found that its previous award of attorneys fees did not: (1) award counsel recovery for a sufficient number of hours; nor (2) sufficiently include the forensic paralegal’s work either in the discovery phase or in the preparation for and actual trial phases, nor (3) sufficiently consider and award for the intensive review, synthesis, and organization of paper that was required for the successful prosecution of the McGoverns’ counterclaim. Based on the reasonable rates of $150 per hour for services of counsel (600 hours at $150 = $90,000.00) and $85 per hour for paralegal services (1600 hours at $85 = $126,000.00), this court *535 awarded the McGoverns attorneys fees in the amount of $216,000.00 plus costs of $17,414.57.
On appeal, Gorgens argued that (1) this court erred in entering judgment against him on the McGoverns’ G.L.c. 93A counterclaim and (2) this court erred in denying the promissory note claim on an accord-and-satisfaction theory. On July 25, 2005, the Appeals Court reversed the judgment in favor of the McGoverns on the G.L.c. 93A counterclaim and affirmed the judgment in favor of the McGoverns on Gorgens’ note claim. On the same date, a Single Justice of the Appeals Court entered an order remanding this matter to this court to determine “the amount of the defendants’ attorneys fees and costs attributable solely to defending against the plaintiffs promissory note claim.” Gorgens v. McGovern, Appeals Court Docket No. 02-J-176, July 25, 2005 Order, p. 1.
On July 11, 2006, the Appeals Court affirmed the order of the Single Justice:
The single justice found the 6F award to have been warranted but remanded the matter to the Superior Court to determine the exact amount of the award relative to attorneys fees and expenses associated with defending against the claim on the note, versus attorneys fees and expenses associated with prosecuting the claim under G.L.c. 93A that was reversed in a separate appeal on the merits. We affirm the order.
Gorgens v. McGovern, 66 Mass.App.Ct. 1116 (2006).
In their Memorandum for Determination of Attorneys Fees and Costs under G.L.c. 231, §6F, the McGoverns seek a fee award totaling $370,092.07, which they reduced by 20%, due to the Appeals Court’s reversal of the G.L.c. 93A claim, for an amount of $299,569.57. The McGoverns now request an award of $331,902.10, including costs and fees since the trial. The McGoverns have submitted a supplemental affidavit and supplemental summary of services and expenses covering the time period from August 13, 2001, when the Court’s initial decision was rendered, to the present.

DISCUSSION

I. Amount of Attorneys Fees

The amount of a reasonable attorneys fee, awarded on the basis of statutory authority, in this case G.L.c. 231, §6F, is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). As a general rule, a statutory award of fees is “calculated by multiplying the number of hours reasonably spent on the case times a reasonable hourly rate.” Id. This method is referred to as the “lodestar” award. Id. The standard of reasonableness is not what the attorney usually charges, but “what his services were objectively worth.” Heller v. Silverbranch Contr. Corp., 376 Mass. 621, 629 (1978). In Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978), the Supreme Judicial Court listed the crucial factors as: (1) how long the trial lasted; (2) the difficulty of the legal and factual issues involved; and (3) the degree of competency demonstrated by the attorney. The Supreme Judicial Court lengthened this list of factors to include “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and abilily of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979).
Based on all of the aforementioned factors, the McGoverns are entitled, pursuant to the mandatory language of G.L.c, 231, §6F, to an award of reasonable attorneys fees and costs to defend the frivolous suit Gorgens filed against them on the promissory note. In considering an award of attorneys fees, this court initially notes that, contrary to Gorgens’ assertion, the McGoverns’ defense of the promissory note claim and their G.L.c. 231, §6F counterclaim are appropriately viewed by this court as one and the same. This court also finds that the issues prosecuted on behalf of the McGoverns were not relatively straightforward, that a substantial amount of time, both by Scannell and Seward, was necessary and essential to the successful defense of the promissory note claim, and that this was an extremely paper-intensive case.
This was anything but a “usual” suit to collect on a promissory note. The Gorgens’ $60,000.00 Note, which was the basis of plaintiffs frivolous lawsuit, was later cancelled by an agreement between Gorgens and McGovern at an October 23, 1998 meeting. The defendants’ success in defending plaintiffs note case was largely dependent on convincing this court of Gorgens’ basic untruthfulness and illegitimate actions; it took 16 days of trial, the presentation of over 100 exhibits and the presentation of the history between Gorgens, Stratham, the defendants, their son and a host of other witnesses to accomplish this.
Defendants’ counsel has established that both he and his paralegal kept detailed and contemporaneous time records. I credit all the hours counsel claims for himself and his paralegal while the lengthy, complicated trial was on-going. As to discovery, I have: (1) eliminated some hours claimed relative to legal research on c. 93A on July 23, 1999 invoice (5 hours); (2) not credited any of the August 17, 1999 invoice for $4,895.00 fees and $89.88 in costs dealing with plaintiffs Anti-Slapp Motion to Dismiss defendants’ counterclaim; (3) not credited any of the August 20, 1999 invoice for $2,290.00 in fees and $31.00 in costs as it dealt only with defending plaintiffs Motion to Dismiss; (4) deleted 5 hours of attorney legal research and work on defendant’s c. 93A claim from the December 11, 2000 invoice.
*536 Because I am satisfied that to defend the promissory note case by establishing that it had been can-celled as well as Gorgens’ untruthfulness and illegitimate actions, defendants’ counsel had to obtain all the financial information he did as well as establish the history of plaintiff with these defendants and others at GBMS. While all of that was essential also to the defendants’ prosecution of their c. 93A claim, it is not appropriate for that work to be disregarded relative to successfully defending the note claim. I accept that, even if no 93A counterclaim had been asserted, this trial would have been substantially the same and that defendants’ counsel’s efforts in discovery, trial preparation and efforts at trial would also have been substantially the same. His efforts would substantially have been the same even without the c. 93A claim because establishing the deceptive and unfair actions by Gorgens was relevant, material, and essential to proving Gorgens’ total lack of credibility on defending the frivolous note claim.
Accordingly, but for the relatively few hours I have deducted from defendants’ counsel’s time charges as set forth above, I accept that, in large measure, all defendants’ counsel’s and paralegal’s work was accomplished in defending plaintiffs frivolous note claim.
Although defending a promissory note claim, substantial, exhaustive discovery was necessary for the defense to show the circumstances in which the note was given and later cancelled and to review all of GBMS’ notes and financial records. It was necessary to the defense of plaintiffs frivolous claim to establish plaintiffs illegitimate actions, including his “doctoring” of GBMS corporate books/records relative to the Gorgens’ $60,000.00 Note as well as the content of Gorgens’ personal financial documents and GBMS tax returns, books, records and financial statements. Establishing Gorgens’ knowledge and direction of events at GBMS and his unconscionable illegitimate actions there was necessary and essential to the defense of this hardly typical promissory note case. That this same evidence, establishing Gorgens’ knowledge of events at GBMS and his unconscionable illegitimate actions, was the basis of the defendants’ c. 93A claim does not mean that defendants’ counsel cannot be compensated pursuant to G.L.c. 231, §6F.
In light of these factors, this court must revisit its previous findings in its Memorandum of Decision and Order on Defendant’s Motion for Reconsideration of the Amount of the Court’s Award of Attorneys Fees and Costs to Defendants. This court is satisfied that by not crediting the above referenced invoices, this court will have accounted for those hours spent by Scannell and Seward solely prosecuting the McGoverns’ c. 93A counterclaim. Accordingly, this court awards $207,315.00 (previous award of $216,000.00 minus $750.00, $4,895.00, $2,290.00, and $750.00) in attorneys fees plus costs of $17,293.69 (previous award of $17,414.57 minus $89.88 and $31.00).
The McGoverns are also entitled to attorneys fees for those hours spent post-trial, from August 17, 2001 to April 27, 2007 at the Superior Court level. However, without an order from the Appeals Court, this court has no authority to award appellate attorneys fees and costs. Nardone v. Patrick Motor Sales, Inc., 46 Mass.App.Ct. 452, 454 (1999). Accordingly, this court will only consider the time charges incurred prior to the appeal and those incurred after the appeal. I have therefore eliminated the following hours: (1) copy and file motions in the Appeals Court on November 16, 2002 (1.5 hours); and (2) the Appeals Court decision reversing c. 93A judgment and remanding for determination of attorneys fees under G.L.c. 231, §6F on July 26, 2005 (.75 hours). After reviewing the Supplemental Schedule submitted by the McGoverns’ counsel, this court credits the following hours charged: 176.5 hours for services of counsel and 119.25 hours for paralegal services.
This court has also determined that it is fair and reasonable to increase the hourly rate for services of counsel post-trial. See Stratos v. Department of Public Welfare, 387 Mass. 312, 323 (1982) (“Calculation of reasonable hourly rates should begin with the average rates in the attorney’s community for similar work by attorneys of the same years’ experience”). In deciding upon a reasonable rate, this court reviewed the Affidavit of Expert David C. Aisenberg, who stated that he charged Gorgens a rate of $250.00 per hour for any work that he did, and the Affidavit of Defendants’ Counsel RE Award of Attorneys Fees and Costs to Defendants James V. and Nancy B. McGovern, in which Scannell stated that his billing rate of $150.00 per hour for his services in this case represents the minimum rate that he charges for civil matters. This court also reviewed the Affidavit of Stanley W. Wheatley, who represented Gorgens through trial. Wheatley stated that his hourly rate from the inception of the case through March 30, 2000 was $250.00. From April 1, 2000 through the end of the trial, Wheatley’s hourly rate increased to $300.00. In light of these affidavits and Scannell’s training, experience, reputation, and demonstrated skills, this court concludes that a reasonable rate should be $250.00 for work performed post-trial. Not having any materials before me as to the reasonable hourly rate for a forensic paralegal since the 2001 trial, the value of his paralegal services must remain at $85.00 per hour. As such, this court awards post-trial attorneys fees of $54,261.25 (176.5 hours at a rate of $250.00 for services of counsel and 119.25 hours at a rate of $85.00 for paralegal services) and costs of $234.03.

II. Computation of Interest

This court also concludes that the McGoverns are only entitled to postjudgment interest on their award of trial attorneys fees. Although the McGoverns re *537 quest statutory interest from the date of the filing of the complaint, there is nothing in the statute which mandates a finding that the McGoverns are entitled to prejudgment interest on their award of attorneys fees. Indeed, while there is no case law specifically addressing interest on attorneys fees pursuant to G.L.c. 231, §6F, Massachusetts courts have consistently awarded only postjudgment interest in cases awarding attorneys fees and costs pursuant to other statutes. See Nardone, 46 Mass.App.Ct. at 453 (postjudgment interest on trial attorneys fees is assessed in discrimination cases tried to a jury). In Tobin & Co. v. Frye, 65 Mass.App.Ct. 1121, 2006 WL 547920, *2 (unpublished decision), the Appeals Court stated, “Attorneys fees are usually accrued during litigation, but until the court awards them to one party, that party is not entitled to them. Therefore, that party does not lose the use of that money during litigation, as he may under a contract when the other party has committed a breach of contract. Consequently prejudgment interest is unnecessary.” Indeed, a recent Supreme Judicial Court decision, Maimaron v. Commonwealth, 2007 Mass. LEXIS 360, *29-30 (2007), offers further support for this position. In Maimaron, the Court awarded prejudgment interest for defense costs from the date of the arbitration award to the date of the entiy of judgment and postjudgment interest. Id. at 29. Here, interest on the fees and cost award will begin to run from the date upon which the November 6, 2001 order of this Court awarding attorneys fees and costs entered on the docket. See International Totalizing Systems, Inc. v. PepsiCo, Inc., 29 Mass.App.Ct. 424, 437 (1990) (interest on G.L.c. 93A attorneys fees must be calculated from time judgment was entered and award was made on G.L.c. 93A claim, not from time complaint was filed); DeRoche v. Massachusetts Comm’n Against Discrimination, 2007 WL 869273, *4 (Mass.Super.Ct. 2007) (Neel, J.) [22 Mass. L. Rptr. 229] (“postjudgment interest on attorneys fees [awarded, for c. 151B claim] may be charged . . . only from the date on which fees and costs become due, [which is] the date upon which the ... order of the Court awarding attorneys fees and costs is entered on the docket”); Eldridge v. Provident Companies, Inc., 2004 WL 1690382, *9 (Mass.Super.Ct. July 6, 2004) (Sanders, J.) [18 Mass. L. Rptr. 91] (“plaintiffs are entitled to interest on the award of attorneys fees and expenses computed from the date that judgment enters on the 93A claim”).

ORDER

For the reasons stated herein, the court ORDERS that attorneys fees be awarded to the McGoverns pursuant to G.L.c. 231, §6F in the amount of $207,315.00 plus costs of $17,293.69 plus interest since August 13, 2001. This court also awards additional fees of $54,261.25 plus costs of $234.03 and interest, since today’s date.