Green, J.
(dissenting). In my view, the present case warrants a straightforward application of the rationale and conclusion of the Supreme Judicial Court in DeRoche v. Massachusetts Commn. Against Discrimination, 447 Mass. 1, 14 (2006). In that case, as the majority acknowledges, the Supreme Judicial Court concluded that the waiver of sovereign immunity effected by the inclusion of political subdivisions of the Commonwealth within the statutory definitions of persons and employers set forth in G. L. c. 151B, § 1(1) and (5), means that public employers are subject to prejudgment interest on any award of compensatory damages. By resting its conclusion on the statutory definitions of persons and employers, the court’s rationale essentially placed the Commonwealth (and its political subdivisions) on the same footing as a private employer. Ibid.
The purpose of postjudgment interest is to preserve the value of a damage award until the time it is paid. It is settled that postjudgment interest will be imposed on awards of punitive damages against a private employer.[1] See Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452, 454 (1999). It is also settled that public employers are subject to punitive damages. See Bain v. Springfield, 424 Mass. 758, 762-764 (1997). Under the rationale adopted by the court in DeRoche, then, the inclusion of public employers within the statutory definitions of persons and employers for purposes of G. L. c. 151B subjects public employers to postjudgment interest on both compensatory and punitive damages, just as it does private employers.[2]
*736 Because I believe DeRoche and Bain, considered together, entitle the plaintiff to postjudgment interest on the punitive damages awarded to her, I respectfully dissent.

For that reason, the majority’s attempt to distinguish actual and punitive damages based on a contrast between the compensatory nature of the former and the punitive nature of the latter is inapt.

As the majority also acknowledges, the court in DeRoche, supra at 19 n.19, also affirmed the assessment of postjudgment interest on the damage award in that case. Though the question of postjudgment interest (as distinct from prejudgment interest) appears not to have been contested in DeRoche, the distinction is without a difference in terms of the rationale on which the court *736 rested its conclusion. Accordingly, even if the court’s affirmance of the judgment concerning postjudgment interest in DeRoche is considered dictum, the principles on which the court’s holding was based dictate that postjudgment interest be treated the same.