GENERAL ELECTRIC COMPANY *vs.* COMMONWEALTH.

Suffolk.   December 2, 1952. — January 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Eminent Domain*, Interest.  *Judgment.  Interest.  Commonwealth*, Proceeding against Commonwealth.  *Practice, Civil*, Judgment, Interest, Proceeding against Commonwealth, Eminent domain proceeding.

Under G. L. (Ter. Ed.) c. 79, §§ 37, 22, and c. 258, § 3, as amended, a petitioner against the Commonwealth for the assessment of damages for a taking by eminent domain is not entitled to interest on a judgment in his favor from its date to the time of its payment.

PETITION, filed in the Superior Court on November 2, 1951.

The case was reported by *Hanify,* J.

*Frank B. Frederick,* (*Finley H. Perry* with him,) for the petitioner.

*Charles Alpert,* Assistant Attorney General, for the Commonwealth.

COUNIHAN, J. This is a petition under G. L. (Ter. Ed.) c. 258, § 1, in which the petitioner seeks to recover interest alleged to be due upon a judgment in a proceeding by the petitioner against the Commonwealth under G. L. (Ter. Ed.) c. 79, § 14. This petition was submitted to a judge upon a case stated, and without decision was reported by him to this court for determination. G. L. (Ter. Ed.) c. 231, § 111.

It appears from the case stated that in June and September, 1948, the Commonwealth took by eminent domain several parcels of land in East Boston owned by the petitioner. On May 3, 1949, petitions for the assessment of damages were filed by the present petitioner in the Superior Court. They were tried together by a judge without jury, who on April 25, 1951, entered a finding for $112,270.46 which included interest at four per cent on the damages from the date of the taking to the date of the finding. On May 21, 1951, judgment was entered in the sum of $112,-756.96 and taxable costs of $86.80. The amount of the judgment included interest at six per cent from the date of the finding. On June 1, 1951, the chief justice of the Superior Court certified to the comptroller of the Commonwealth the amount found due the petitioner, namely, the judgment of $112,756.96 and taxable costs of $86.80, totaling $112,843.76. Due to no fault of the petitioner the amount certified as due, with costs, was not paid until November 21, 1951. It was then received under a stipulation that the petitioner reserved its right to seek to recover additional interest from the date of the judgment to the date of payment, a period of six months.

The only issue before us is the right of the petitioner to

collect such additional interest. We are of opinion that it has not that right.

The petitioner relies upon G. L. (Ter. Ed.) c. 79, § 37, which reads in part: "Damages under this chapter shall bear interest at the rate of four per cent per annum from the date as of which they are assessed until paid, *except as herein otherwise provided*" (emphasis supplied). This section must be read with § 22 of c. 79 and G. L. (Ter. Ed.) c. 258, § 3, as appearing in St. 1932, c. 180, § 41. Section 22 reads in part: "Judgment shall be entered and execution issue as in actions at law; and when the commonwealth is liable for the damages the amount found due shall be certified and paid under section three of chapter two hundred and fifty-eight." Section 3 of c. 258 at the time of judgment in the land damage case read: "If the final decision is in favor of the petitioner, the chief justice of the superior court shall certify the amount found due, with the legal costs, to the comptroller who shall notify the governor; and the governor shall draw his warrant for such amount on the state treasurer, who shall pay the same from any appropriations made for the purpose by the general court." [1] The absence of any provision in § 22 of c. 79 or in § 3 of c. 258 for the payment of interest to the date of payment on judgments against the Commonwealth brings the provisions of § 37 regarding interest within the scope of the words "except as herein otherwise provided" in that section. Thus it appears that the chief justice of the Superior Court could only certify, as the amount found due, the amount of the judgment, with costs. This he did. By the terms of § 3 of c. 258 the comptroller is required to notify the Governor of this amount. The Governor is then required to draw his warrant for this amount on the State Treasurer, who shall then pay the same from any appropriation.

It is to be noted that, while provision is made for payment of costs in addition to the judgment, nothing is said about payment of interest on the judgment.

---

[1] See now St. 1951, c. 518.

The express reference to the amount found due with legal costs in § 3 of c. 258 "indicates an intention to make inapplicable other ordinary incidents, which are omitted, under the familiar principle of interpretation that express mention of one matter excludes by implication other similar matters not mentioned." *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137, 139.

The general rule is that the Commonwealth "cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed in the statute. *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137, 138." *Glickman* v. *Commonwealth*, 244 Mass. 148, 149–150. *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 349.

The statute relied upon by the petitioner is not applicable.

*Petition dismissed.*