TERESA TODINO vs. TOWN OF WELLFLEET & another.[1]

Barnstable. November 7, 2006. - January 17, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Governmental Immunity. Municipal Corporations,* Governmental immunity,
Police. *Waiver. Interest. Judgment,* Interest. *Practice, Civil,* Interest. *Police,*
Injury on duty, Municipality's liability. *Statute,* Construction.

In a civil action brought by a police officer who was injured on duty through
no fault of her own, the judge erred in denying interest on an award of
back pay owed to her by her municipal employer, where the uncommonly
forceful language of G. L. c. 41, § 111F — which states unequivocally
that incapacity pay of such officers should be treated as, and dispersed in
the manner of, regular employment compensation — demonstrated the
Legislature's intention to prevent any deprivation of pay, either in time or
value, during the period of an officer's incapacity. [236-241]

CIVIL ACTION commenced in the Superior Court Department on
May 24, 1999.

Following review by the Appeals Court, 61 Mass. App. Ct.
1123 (2004), motions seeking prejudgment and postjudgment
interest were heard by *Richard F. Connon,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Albert R. Mason* for the defendants.

*Peter L. Freeman* for the plaintiff.

The following submitted briefs for amici curiae:

*Patrick N. Bryant* for Boston Police Patrolmen's Association.

*Thomas F. Reilly,* Attorney General, & *Peter Sacks,* Assistant
Attorney General, for the Commonwealth.

COWIN, J. We consider whether an incapacitated police officer,
injured on duty through no fault of her own, is entitled to inter-
est on back compensation owed to her by her municipal
employer. See G. L. c. 41, § 111F. After a bench trial in the

---

[1]Chief of police of Wellfleet.

Superior Court, the judge ordered back compensation, but denied interest on the back pay on the ground of sovereign immunity. By means of § 111F, the Legislature provided that injured persons, such as the plaintiff, are entitled to leave without loss of pay and directed that the amounts due be paid at the same time and in the same manner as the employee's regular compensation. We conclude that it is the Legislature's objective, as demonstrated by the uncommonly forceful language of § 111F, that these injured persons lose no pay as a result of their disabilities, including the time value of compensation due. If this objective is to be achieved, interest must be paid on any delayed funds. Accordingly, we hold that, in order to effectuate the purpose of the statute, a waiver of sovereign immunity must be implied with respect to the payment of interest. We therefore reverse the order of the Superior Court judge directing that interest not be added to the judgment.[2]

1. *Background.* The facts are not contested and we set forth only what is necessary to understand the dispute. In July, 1997, the plaintiff, Teresa Todino, a special police officer in the town of Wellfleet (town), was struck by a motor vehicle while directing traffic and was incapacitated. Pursuant to G. L. c. 41, § 111F, the town placed her on leave without loss of pay. A physician appointed by the town concluded that the plaintiff's recovery was slow and suggested that disability retirement might be appropriate. The chief of police, after learning that the town would bear the retirement expense, mailed to the plaintiff and her treating physician a questionnaire designed to gather information concerning whether the officer was medically able to resume service on a limited basis. The doctor did not timely respond. The chief determined that the unresponsiveness was attributable to the plaintiff and amounted to misconduct and disobedience of a reasonable request. The plaintiff's employment was terminated and incapacity pay discontinued on December 15, 1998.

The plaintiff filed an action for declaratory relief in the Superior Court, seeking reinstatement and incapacity pay pursuant to G. L. c. 41, § 111F. On October 31, 2002, after a jury-

---

[2]We acknowledge the amicus briefs submitted by the Attorney General and the Boston Police Patrolmen's Association.

waived trial, a judge ruled in the plaintiff's favor. He entered a judgment declaring that the termination was unlawful because there were no "legally sufficient" grounds to discharge the plaintiff; that the plaintiff was entitled to a return to her previous employment status; and that she was "entitled to receive leave without loss of pay benefits under G. L. c. 41, § 111F, retroactive to December 15, 1998." The Appeals Court affirmed, *Todino* v. *Wellfleet*, 61 Mass. App. Ct. 1123 (2004).[3]

After issuance of the rescript by the Appeals Court, the plaintiff moved in the Superior Court for an order requiring the town to pay prejudgment and postjudgment interest.[4,5] The judge stated that "[i]n the absence of statutory authority, the [p]laintiff is not entitled to prejudgment [or] postjudgment interest," and denied the plaintiff's motion.[6] The Appeals Court reversed, concluding that, although payment of interest is not expressly provided by G. L. c. 41, § 111F, the statute effected a waiver of sovereign immunity for payment of interest because "the necessary implication of the statutory scheme requires prejudgment and postjudgment interest payments against the government employer." *Todino* v. *Wellfleet*, 66 Mass. App. Ct. 143, 148 (2006). We granted further appellate review.

2. *Discussion.* If a police officer is incapacitated in the performance of official duties, without fault of her own, G. L. c. 41, § 111F, directs that certain governmental employers (cities, towns, and fire or water districts) continue the officer's compensation "without loss of pay." The statute requires that

[3]Further appellate review was denied. *Todino* v. *Wellfleet*, 442 Mass. 1112 (2004).

[4]Soon thereafter, still having not received any retroactive pay, the plaintiff filed a complaint for contempt, the resolution of which is not reflected in the record. The plaintiff states that she received the retroactive compensation, without interest, on April 25, 2005.

[5]The plaintiff's motion states that it is filed pursuant to both G. L. c. 231A, § 5, and Mass. R. Civ. P. 59 (*e*), 365 Mass. 827 (1974). At that time, she requested prejudgment and postjudgment interest at a rate of twelve per cent per annum pursuant to G. L. c. 231, §§ 6B, 6H. However, the plaintiff has not pursued on appeal her arguments relating expressly to G. L. c. 231, §§ 6B, 6H. She also requested interest pursuant to § 6C in both the motion and the appeal. Section 6C provides for a lower floating rate specified in § 6I in actions against the Commonwealth.

[6]The plaintiff's motion for reconsideration was later denied as well.

the compensation be paid "at the same times and in the same manner as . . . regular compensation."[7]

The purpose of § 111F is to prevent any deprivation of pay, either in time or value, during the period of an officer's incapacity. The provision reflects an intention that an incapacitated officer receive leave "without loss" of ordinary compensation. *Id.* It states unequivocally that incapacity pay be treated as, and dispersed in the manner of, regular employment compensation. *Jones* v. *Wayland*, 374 Mass. 249, 260 (1978), *S.C.*, 380 Mass. 110 (1980). It thereby acknowledges expressly the special importance of timely compensation during periods of incapacity. The wording of the statute clearly expresses an intent to protect injured officers fully from all reductions in the worth of their compensation, including by temporary loss of use of funds.

Our view finds support in the legislative history on the subject. The Legislature has gradually removed certain inequities in the system of assistance for injured officers. "[P]olice officers (and fire fighters) confront daily risks which most working people ordinarily do not encounter," *Eyssi* v. *Lawrence*, 416 Mass. 194, 200 (1993); but, at one time, financial assistance for injured officers was entirely discretionary. See St. 1888, c. 379. Since then, the legislative trend has been toward improved assistance to injured officers. In 1927, the Legislature specifically authorized payments for "loss of pay by reason of absence from duty . . . because of temporary incapacity caused by injury suffered through no fault of [the officer's] own while in the actual performance of duty." St. 1927, c. 157. Incapacitated part-time "special police officers" later became entitled to full-time pay. See St. 1952, c. 431, § 2. Discretionary back pay was

---

[7]General Laws c. 41, § 111F, states in pertinent part:

"Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of [her] duty without fault of [her] own, or a police officer or fire fighter assigned to special duty by [her] superior officer . . . is so incapacitated because of injuries so sustained, [she] shall be granted leave without loss of pay for the period of such incapacity . . . . All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter."

converted to mandatory leave "without loss of pay" by the promulgation of G. L. c. 41, § 111F. See St. 1952, c. 419.

Municipal liability implicates the doctrine of sovereign immunity, which protects the public treasury from unanticipated money judgments. See *New Hampshire Ins. Guar. Ass'n* v. *Markem Corp.*, 424 Mass. 344, 351 (1997). Sovereign immunity prohibits liability against the "Commonwealth [and] . . . its instrumentalities . . . 'except with [the Commonwealth's] consent, and, when that consent is granted . . . only in the manner and to the extent expressed . . . [by] statute.' " *DeRoche* v. *Massachusetts Comm'n Against Discrimination*, 447 Mass. 1, 12 (2006), quoting *General Elec. Co.* v. *Commonwealth*, 329 Mass. 661, 664 (1953). "[T]he 'rules of construction governing statutory waivers of sovereign immunity are stringent.' " *DeRoche* v. *Massachusetts Comm'n Against Discrimination, supra,* quoting *C & M Constr. Co.* v. *Commonwealth*, 396 Mass. 390, 392 (1985).

But even a strict interpretation must be reasonable, 3 N.J. Singer, Sutherland Statutory Construction § 58:2, at 90 (6th ed. 2001), and our focus remains on the intent of the Legislature. *DeRoche* v. *Massachusetts Comm'n Against Discrimination, supra* at 12-13. If sovereign immunity is not waived expressly by statute, see *Bain* v. *Springfield*, 424 Mass. 758, 763 (1997), we consider whether governmental liability is necessary to effectuate the legislative purpose. *Bates* v. *Director of Office of Campaign & Political Fin.*, 436 Mass. 144, 173-174 (2002). Where, as here, the Legislature provides expressly that payments shall be made by a municipality or district, waiver of sovereign immunity as to those elements is obvious. Otherwise, the statute would be ineffective, and "[w]e will not impute [to the Legislature] . . . an 'intention to pass an ineffective statute.' " *Id.*, quoting *Boston Elevated Ry. Co.* v. *Commonwealth*, 310 Mass. 528, 548 (1942).

The statute is silent, however, on the question whether a governmental employer must pay interest on amounts due the employee where payment has been delayed. The plaintiff argues that recovery of interest is necessarily implied by G. L. c. 41, § 111F, because interest is essential to vindicate fully an employee's express right to continued, timely compensation.

Absent interest, the right provided by § 111F would not be realized completely and, as illustrated by the reduction in value of the plaintiff's back compensation that occurred in the course of the town's six-year delay in payment, the plaintiff would not be made whole.

We agree with the plaintiff. The recovery of interest is necessarily implied by the potent language of § 111F that requires timely payments and prohibits any reduction of pay. Without the award of interest on delayed payments, the purpose of § 111F would be partially frustrated. "[C]onsidering the time value of the dollar, the only way in which a[n] . . . award will retain its stated worth is by adding interest in order to compensate for delay in payment from that point forward." *Onofrio* v. *Department of Mental Health*, 411 Mass. 657, 660 n.4 (1992), quoting *Foley* v. *Lowell*, 948 F.2d 10, 22 (1st Cir. 1991). "Interest is awarded by law so that a person wrongfully deprived of the use of money should be made whole for [her] loss." *Perkins Sch. for the Blind* v. *Rate Setting Comm'n*, 383 Mass. 825, 835 (1981).

In *Thibeault* v. *New Bedford*, 342 Mass. 552, 557, 559 (1961), we awarded interest against a government employer pursuant to the language of § 111F without comment. After the *Thibeault* case, the Legislature rewrote § 111F in part and reenacted the pertinent language in its entirety. See St. 1964, c. 149. We presume the Legislature was aware of our then recent construction of § 111F and assume that its subsequent action reflected acquiescence in our reading of the statute.[8] *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 240-241 (1982); *Commonwealth* v. *Hartnett*, 3 Gray 450, 451 (1855). By virtue of subsequent amendments, additional officers were included in the scope of G. L. c. 41, § 111F, and provision was made for allocation of "excess" payments and interest from culpable third parties to incapacitated police and other public employees.

---

[8]Later decisions of the Appeals Court also accepted without comment the imposition of interest against sovereign defendants pursuant to G. L. c. 41, § 111F. See *Blair* v. *Selectmen of Brookline*, 24 Mass. App. Ct. 261, 266-267 (1987), *S.C.*, 26 Mass. App. Ct. 954 (1988); *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 740, 744-745 (1981).

See St. 1977, c. 646, § 2; St. 1990, c. 313. There is no indication in any of those amendments of a legislative intent to reduce compensation available to officers by means of an assertion of sovereign immunity with respect to interest.

Recent cases have recognized an implicit waiver of sovereign immunity with respect to interest when the Legislature has expressed an intent to provide complete relief by giving a broad delegation to agencies. See *DeRoche* v. *Massachusetts Comm'n Against Discrimination, supra* at 14-15; *Brookfield* v. *Labor Relations Comm'n,* 443 Mass. 315, 324-326 (2005). In *DeRoche* v. *Massachusetts Comm'n Against Discrimination, supra* at 13, we concluded that the language of G. L. c. 151B, §§ 1, 5, 9, evidences a legislative desire to provide the victims of discrimination full redress. Although we recognized that there was no express waiver of sovereign immunity for interest, we stated that "the statute . . . logically read . . . lead[s] to the inevitable conclusion that the Legislature must have chosen to subject public employers to" liability for interest, as well as damages. *Id.* We said: "[W]e are satisfied that the Legislature has expressed *its* intention, manifest through a natural and ordinary reading of the statute, that sovereign immunity with respect to *the* imposition of interest on a G. L. c. 151B damage award has been waived." *Id.* at 14. Similarly, in *Brookfield* v. *Labor Relations Comm'n, supra* at 325-326, in determining whether sovereign immunity had been waived by necessary implication, we stated:

> "While G. L. c. 150E, § 11, does not expressly provide for interest, an award of interest on any money paid in connection with the commission's order, arises by necessary implication from the terms of § 11. . . . An award of interest on monetary relief is a necessary remedial component of the statute. A contrary rule would deprive the affected employee of a make whole remedy, and might also have a deleterious effect on the settlement of cases and encourage delay in securing compliance with G. L. c. 150E."

In contrast, we concluded that there was not an implicit

Todino *v*. Town of Wellfleet.

waiver of sovereign immunity in G. L. c. 258A, § 5,[9] which provides for the payment of compensation by the Commonwealth to certain victims of violent crime. See *Gurley* v. *Commonwealth*, 363 Mass. 595, 599-600 (1973). There, we concluded that the petitioner's reliance on the award of interest in contract cases did not apply "in a noncontractual context where the Commonwealth has voluntarily waived its sovereign immunity to a limited extent in order to compensate victims of violent crimes." *Id.* at 600. It follows that a waiver of sovereign immunity in the context did not require an implicit waiver with respect to interest because, the payment being essentially a gift, no award of interest would be necessary or reasonable. In the present case, however, § 111F expressly contemplates payments that will insure the injured employee against *any* loss of income, including its time value, thereby requiring the payment of interest on any delayed payments in order to achieve the statutory objective.

There is no sound policy reason for a contrary interpretation. A town that withholds pay realizes time value from the retained funds. That violates both the letter and the spirit of § 111F and encourages delay as a matter of course. It could not have been the Legislature's intention to reward municipalities for disobeying its express commands concerning the timeliness of incapacity pay under § 111F.

3. *Conclusion.* For the foregoing reasons, the order of the Superior Court denying imposition of interest is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[9]The statute at issue in *Gurley* v. *Commonwealth*, 363 Mass. 595 (1973), has since been repealed and a new one has been enacted in its place. See St. 1993, c. 478, §§ 3, 6.