Ricciardone, David, J.
By this action, plaintiff National Union Fire Insurance Co. of Pittsburgh, PA (“National Union”) seeks to enforce a $3,800,000.00 judgment against defendant Joseph Tighe (“Tighe”) by attaching the future proceeds of a $1,000,000.00 lottery prize Tighe won. The action is now before the court on trustee process defendant Massachusetts State Lottery Commission’s (“Commission”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1). For the following reasons, the motion is DENIED.
BACKGROUND
Because the Commission’s Mass.R.Civ.P. 12(b)(1) motion is not supported by any materials outside the pleadings, it is a facial attack on the allegations of the complaint, which the court therefore takes as true and recites below. See Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709-10 (2004).
On March 10, 2011, National Union’s predecessor-in-interest obtained a $6,648,114.00 judgment against Tighe and other defendants in Suffolk Superior Court. The predecessor-in-interest assigned to National Union the first $3,800,000.00 of the judgment by partial assignment of judgment dated July 11, 2011 (“Judgment”). The Judgment remains in full force and effect and fully unsatisfied. Tighe has failed and refused to pay any of the Judgment. Tighe won a $1,000,000.00 lottery prize in 2010, which is payable in twenty annual payments of $50,000.00. The Commission has already made at least one annual payment to Tighe.
In Count II of its complaint, National Union seeks a $950,000.00 trustee process attachment against the Commission.
DISCUSSION
The Commission argues in its motion to dismiss that National Union may not maintain a trustee process attachment action against it because sovereign immunity bars such actions. The court disagrees.
*572 “[T]he Commonwealth cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed in the statute.” General Elec. Co. v. Commonwealth, 329 Mass. 661, 664 (1953) (citation and internal quotations omitted), superseded by statute on other grounds. "The rules of construction governing statutory waivers of sovereign immunity are stringent . . . [and cjonsent to suit must be expressed by the terms of a statute, or appear by necessary implication from them.” Woodbridge v. Worcester State Hosp., 384 Mass. 38, 42 (1981).
National Union argues that G.L.c. 10, §28 constitutes a statutory waiver of the Commission’s sovereign immunity. That statute provides that a lottery winner may not assign his prize except in certain enumerated circumstances. One of these circumstances is that “[playment of any prize drawn may be made to any person under an appropriate judicial order.” G.L.c. 10, §28 par. 2. In Singer Friedlander Corp. v. State Lottery Commission, the Supreme Judicial Court, addressing the prior but similar language of §28, agreed with a Superior Court judge that the “appropriate judicial order exception” applies “in circumstances where the disposition of a lottery prize is an appropriate remedy in a judicial proceeding independent of section 28.” 423 Mass. 562, 564-65 (1996) (prior version of §28 provided that “any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled”). The case currently before the court clearly falls into this category: National Union seeks to enforce a judgment that is completely unrelated to Tighe’s lottery winnings. Rather, the disposition of those winnings — via trustee process attachment — is the appropriate remedy to permit National Union to recover on the Judgment.
There is no express waiver of the Commonwealth’s sovereign immunity in G.L.c. 10, §28 par. 2. Compare Todino v. Wellfleet, 448 Mass. 234, 238 (2007) (waiver of sovereign immunity express where G.L.c. 41, §11 IF requires municipality or district to pay incapacitation pay); DeRoche v. Massachusetts Comm’n Against Discrimination, 447 Mass. 1, 12 (2006) (regarding G.L.c. 15 IB, “(t]he Legislature has expressly waived sovereign immunity of the Commonwealth ‘and all political subdivisions . . . thereof by including them in the statutory definition of persons and employers subject to the statute”); In re Newport Sav. & Loan Ass’n, 928 F.2d 472, 477-78 (1st Cir. 1991) (Quiet Title Act of 1972 waived United States’ sovereign immunity by providing it “may be named as a party defendant” (emphasis in original)).
There is an implied waiver in that paragraph, however. One of the necessary implications of the language of G.L.c. 10, §28 par. 2 is that a court may order the Commission to pay lottery winnings to someone other than the winner. Cf. G.L.c. 10, §28 par. 4 (under provision permitting voluntary assignments of lottery winnings after judicial approval of such assignments in “an appropriate judicial order,” “a court may issue an order . . . directing the [Cjommission to make prize payments in whole or in part to the designated as-signee”). If such an order is entered, a trustee process attachment is an appropriate means of satisfying the order.
The court further notes that the case before it is not the typical case in which sovereign immunity may apply in order to “protect! ] the public treasury from unanticipated money judgments.” Todino, 448 Mass. at 238. Here, National Union has not named the Commission as a defendant because it is claiming that the Commission did something wrong or is otherwise somehow liable to it for damages. See id., quoting DeRoche, 447 Mass. at 12 (“Sovereign immunity prohibits liability against the ‘Commonwealth [and] . . . its instrumentalities . . .’ ” (emphasis added)). Rather, the Commission is a named defendant only for administrative purposes, as it is the entity currently holding the money against which National Union seeks to enforce the Judgment. See Goodspeed’s Book Shop, Inc. v. State St. Bank & Trust Co., 8 Mass.App.Ct. 147, 149 (1979) (‘Trustee process is a statutory procedure under G.L.c. 246 which enables a creditor to attach goods or credits of his debtor which are in the hands of a third person”). As such, the public policy concerns underlying sovereign immunity principles have little significance here.
The court concludes that G.L.c. 10, §28 par. 2 controls and that the Legislature has impliedly waived the Commission’s sovereign immunity in the circumstances at bar.[2] The Commission’s motion to dismiss will therefore be denied because the court does have jurisdiction to order trustee process against Tighe’s lottery winnings, which the Commission holds.
ORDER
Based on the foregoing, it is hereby ORDERED that the motion to dismiss of the Massachusetts State Lottery Commission be DENIED.

Because the court has found a waiver of sovereign immunity in G.L.c. 10, §28 par. 2, it need not address whether the Commission’s sovereign immunity has also been waived in G.L.c. 10, §28 pars. 4 and 10. It also need not address National Union’s argument that G.L.c. 258, §12 applies to waive the Commission’s sovereign immunity because this is a contract action, a position the court would find tenuous at best. See Wong v. University of Mass., 438 Mass. 29, 34 (2002) (G.L.c. 258, §12 authorizes contract claims against Commonwealth).