NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1055                                          Appeals Court

    HELEN BROWN  vs.  OFFICE OF THE COMMISSIONER OF PROBATION.


No. 14-P-1055.

     Suffolk.     April 21, 2015. - August 4, 2015.

          Present:  Green, Fecteau, & Agnes, JJ.


Public Employment.  Governmental Immunity.  Judgment,
     Interest. Damages, Punitive, Interest, Attorney's
     fees.  Interest. Waiver.  Practice, Civil, Interest,
     Waiver, Attorney's fees, Costs.



     Civil action commenced in the Superior Court Department on
August 13, 2007.

     Following review by this court, 84 Mass. App. Ct. 1109
(2013), a motion for postjudgment interest was considered
by Paul E. Troy, J., and judgment was entered by him.


     Jonathan J. Margolis (Beth R. Myers with him) for the
plaintiff.
     Sally A. VanderWeele, Assistant Attorney General, for the
defendant.
     David A. Russcol, for Massachusetts Employment Lawyers
Association, amicus curiae, submitted a brief.


     FECTEAU, J.  This case presents the novel issue of whether

a plaintiff who recovers punitive damages as part of a judgment

under the provisions of G. L. c. 151B, § 9, against a subdivision of the Commonwealth may be awarded postjudgment interest on that award and on the award of attorney's fees and costs, or whether sovereign immunity bars such interest.[1] The statutes relevant to the issue, including those under which the punitive damages were awarded, i.e., c. 151B, and G. L. c. 235, § 8 (interest on judgments), are silent on the matter. Neither the Appeals Court nor the Supreme Judicial Court has squarely addressed the issue in a published opinion with respect to c. 151B. In Sheriff of Suffolk County v. Jail Officers & Employees of Suffolk County, 465 Mass. 584, 597-598 (2013), the Supreme Judicial Court stated, "the general rule is that 'the Commonwealth . . . is not liable for postjudgment interest in the absence of a clear statutory waiver of sovereign immunity in that regard,'" and "entities entitled to sovereign immunity are

---

[1] On February 9, 2011, judgment on the jury verdict in favor of the plaintiff entered for $6,000 in compensatory damages and $500,000 in punitive damages, which was later reduced by an order of partial remittitur, reducing the punitive award to $108,000 (affirmed after a report to this court, see Brown v. Office of the Commr. of Probation, 84 Mass. App. Ct. 1109 [2013]). The plaintiff ultimately accepted the remittitur. On January 18, 2012, attorney's fees were awarded in the amount of $233,463.48, and costs of $13,294.47. On January 30, 2014, the trial judge denied the plaintiff's motion for postjudgment interest on the award of punitive damages, attorney's fees, and costs, and judgment after rescript was entered accordingly on March 12, 2014. On July 15, 2014, the Commonwealth paid the compensatory and punitive damages, attorney's fee and costs, and prejudgment and postjudgment interest on the compensatory damages.

not liable for interest under G. L. c. 235, § 8, absent an unequivocal statutory waiver," citing Chapman v. University of Mass. Med. Center, 423 Mass. 584, 586 (1996).  Thus, we must discern whether this case presents an exception to the general rule.

In Todino v. Wellfleet, 448 Mass. 234, 238 (2007) (Todino), the court generally observed that "[m]unicipal liability implicates the doctrine of sovereign immunity, which protects the public treasury from unanticipated money judgments. Sovereign immunity prohibits liability against the Commonwealth [and] . . . its instrumentalities . . . except with [the Commonwealth's] consent, and, when that consent is granted . . . only in the manner and to the extent expressed . . . [by] statute" (citation and quotation omitted).  The court also noted that "[t]he rules of construction governing statutory waivers of sovereign immunity are stringent."  Ibid. (quotation omitted). However, it allowed that "even a strict interpretation must be reasonable, and our focus remains on the intent of the Legislature.  If sovereign immunity is not waived expressly by statute, we consider whether governmental liability is necessary to effectuate the legislative purpose."  Ibid. (citations omitted).  See DeRoche v. Massachusetts Commn. Against Discrimination, 447 Mass. 1, 12-13 (2006) (DeRoche).  Thus, the issue presented in this case reduces to whether sovereign

immunity has been waived by necessary implication in regard to postjudgment interest on punitive damages, costs, and attorney's fees in an award against the Commonwealth or its entities under c. 151B.

The Commonwealth contends that sovereign immunity has not been waived for this type of postjudgment interest.[2] It urges that there is a substantial and practical reason that justifies treatment of the Commonwealth differently from private employers. While it recognizes that G. L. c. 151B, § 1(1) and (5), includes the Commonwealth in the statutory definition of "persons" and "employers" subject to c. 151B, and that generally the Legislature intended for the Commonwealth to be treated the same as private employers under most of the statutes and rules applicable in c. 151B proceedings, it argues that postjudgment interest on punitive damages is fundamentally different in kind from any other type of award or benefit. This is true if only because the amount of punitive damages is neither foreseeable

---

[2] In Salvi v. Suffolk County Sheriff's Dept., 67 Mass. App. Ct. 596, 608 (2006), this court cited DeRoche, supra, for the proposition that "[i]t is now settled law that sovereign immunity is no bar to the liability of a public sector employer for prejudgment interest on damages in a G. L. c. 151B discrimination case." See Trustees of Health & Hosps. of Boston, Inc. v. Massachusetts Commn. Against Discrimination, 65 Mass. App. Ct. 329, 338 (2005), S.C., 449 Mass. 675 (2007) (concluding that Commonwealth is subject to prejudgment interest because Commonwealth and its subdivisions are listed under statutory definition of persons and employers subject to c. 151B, and because prejudgment interest is remedy authorized under c. 151B).

nor readily available for payment given the system of balanced budgeting and that State departments and agencies must depend on legislative appropriation for their funding, thus requiring time to obtain funds necessary to pay such awards.  Indeed, as noted in M. O'Connor Contr., Inc. v. Brockton, 61 Mass. App. Ct. 278, 285 n.12 (2004), "[p]unitive damages, by definition, are not intended to compensate the injured party, but rather to punish and deter the wrongdoer; yet an award of punitive damages against a municipality punishes only the taxpayers, who took no part in the wrongful conduct, but who nevertheless may incur an increase in taxes or a reduction in public services as a result of the award.  See Newport v. Fact Concerts, Inc., 453 U.S. [247,] 266-267 [1981]."  Thus, the underlying reasoning for postjudgment interest on awards under c. 151B -- to encourage prompt payment by employers -- ought not apply to the Commonwealth.[3]

The plaintiff relies on DeRoche, supra at 3, where the Supreme Judicial Court reviewed a judgment of the Superior Court

---

[3] Private employers are subject to postjudgment interest on punitive damages and attorney's fees in c. 151B cases.  See Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452, 453-454 (1999).  In Bain v. Springfield, 424 Mass. 758, 762-763 (1997), the court held that the Commonwealth is subject to punitive damages under c. 151B, reasoning that because the Legislature explicitly deemed the Commonwealth a person or employer subject to c. 151B, and because c. 151B, § 9, provides for the award of actual and punitive damages, the Commonwealth, like private employers, is equally subject to punitive damages.

affirming an award entered by the Massachusetts Commission Against Discrimination (MCAD) on a complaint brought under G. L. c. 151B, § 5, against a public entity.  The MCAD found for the plaintiff and awarded compensatory damages but did not assess interest on the damages.  Ibid.  The Superior Court, in affirming the award, ordered prejudgment and postjudgment interest.  See id. at 6.  The Supreme Judicial Court, noting that c. 151B, and G. L. c. 258, § 1 ("the primary statutory basis for the waiver of sovereign immunity"), are silent on whether interest may be assessed on awards under c. 151B against the Commonwealth, held that for certain provisions of c. 151B, sovereign immunity of the Commonwealth had been waived for interest purposes "by necessary implication."  Id. at 12-14 (quotation omitted).  The court reached its decision on two grounds.

First, because the Commonwealth is explicitly included as a "person" or "employer" subject to suit under c. 151B, and because the MCAD has the power to impose prejudgment interest on private employers in the c. 151B context, the "inevitable conclusion" is that the Legislature must have intended for the Commonwealth to also be subject to interest.  Id. at 13.

Second, the court reasoned, c. 151B, § 5 (regarding proceedings before the MCAD and the MCAD's powers), gives the MCAD broad discretion to order a full range of remedies to

eradicate discrimination, therefore also supporting the conclusion that the Legislature intended to allow the MCAD to impose interest on awards entered against the Commonwealth.  Id. at 13-14.  The court affirmed the judgment of the Superior Court allowing prejudgment and postjudgment interest to be assessed against the Commonwealth.  See ibid.  The plaintiff here avers, relying on the same reasoning as in DeRoche, that because c. 151B explicitly puts the Commonwealth in the same class as private employers, remedies that can be imposed against a private employer can be imposed against the Commonwealth.  The plaintiff contends that it is a logical extension of the reasoning in DeRoche to conclude that, because private employers are subject to postjudgment interest on those types of awards, so must the Commonwealth, by necessary implication of legislative intent.

However, there are three limitations to the reach of DeRoche, supra, that we consider significant.  First, while we recognize the court addressed postjudgment interest, id. at 19 n.19 (note 19),[4] the MCAD had not raised as an issue whether postjudgment interest should be treated differently from the

_____

[4] "The [MCAD] has presented no independent argument as to why, if sovereign immunity has been waived in connection with prejudgment interest, that part of the judgment allowing postjudgment interest should not be affirmed.  What has been said with respect to sovereign immunity thus applies to both prejudgment and postjudgment interest, for purposes of this opinion."  DeRoche, supra at 19 n.19.

prejudgment interest portion of the judgment.  See note 19.  The case was primarily focused on prejudgment interest, see id. at 13-14, and as such, although the court allowed postjudgment interest to stand, that portion of the judgment had not been challenged, and thus served only as a historical artifact not essential to the court's analysis.  Second, the substantive award consisted only of compensatory damages; no punitive damages were awarded.  Therefore, the court had no need to address whether postjudgment interest may be allowable on a punitive damages award.  Third, one of the bases for the court's holding, as mentioned above, was the broad discretion the Legislature afforded to the MCAD under c. 151B, § 5, whereas the case at bar involves a Superior Court trial and jury verdict awarding punitive damages under c. 151B, § 9.  While civil penalties may now be imposed by the MCAD, see G. L. c. 151B, § 5, as amended in 2003,[5] such penalties are limited in amount, not as broad as penalties available after a trial, and "staircased" depending on prior violations.  See G. L. c. 151B, § 5, fourth par.

Furthermore, while there is a logical thread in our cases discerning a legislative intent, either expressed or implied, to permit interest on compensatory awards so that employees do not suffer a loss in value, due to the passage of time, of their

_____

[5] See St. 2003, c. 26, § 438.

earnings awarded as damages, there is reason to interpret the case law to limit such interest to compensatory awards only. Compare, e.g., Perkins Sch. for the Blind v. Rate Setting Commn., 383 Mass. 825, 835 (1981) ("Interest is awarded by law so that a person wrongfully deprived of the use of money should be made whole for [her] loss"); Todino, 448 Mass. at 239 (discussing interest on award under provisions of G. L. c. 41, § 111F, court stated that "considering the time value of the dollar, the only way in which a[n] . . . award will retain its stated worth is by adding interest in order to compensate for delay in payment from that point forward") (quotation omitted), with Onofrio v. Department of Mental Health, 411 Mass. 657, 659-660 (1992) (noting that "the fact that the Legislature provided for the recovery of damages from the Commonwealth in G. L. c. 258 does not lead necessarily to the conclusion that the statute allows for the recovery of costs as well, because costs are an ancillary matter to the underlying concern of liability for damages. Postjudgment interest, similarly, is not an element of damages. Rather, postjudgment interest serves to compensate the plaintiff for loss of the use of money when damages are not paid on time") (quotation and citation omitted). In our view, the considerations that apply to the loss of use of money awarded to compensate for lost earnings are significantly different from those involving a delay in receiving a punitive

damage award which is not designed to compensate but rather to punish.

Indeed, the court in DeRoche reiterated that it had drawn a line and denied interest for awards of front pay:

> "We also have spoken clearly on the issue of the interest on front pay awards in discrimination cases.  In Conway v. Electro Switch Corp., [402 Mass. 385, 390 (1988)], we stated that there was 'no justification for adding interest to damages which, by definition, are for losses to be incurred  in the future.'  We decline to revisit this issue.  While the plaintiff is entitled to prejudgment interest on the back pay damage award, he is not entitled to prejudgment interest on the front pay award."

DeRoche, 447 Mass. at 15.  Similarly, we conclude that such intent can be discerned with respect to punitive damages, since their purpose is not to compensate for lost pay, but rather to penalize for wrongdoing.

While not on all fours, we find support in Gurley v. Commonwealth, 363 Mass. 595, 599-600 (1973), in which the court failed to discern by necessary implication a waiver of sovereign immunity for interest on awards for victims of violent crimes under the provisions of G. L. c. 258A in effect at the time.[6]  See Todino, 448 Mass. at 241 (noting that court in Gurley held that "because . . . the payment [under the statute is] essentially a gift, no award of interest would be necessary or reasonable").

---

[6] General Laws c. 258A was repealed and replaced by G. L. c. 258C in 1993.  See St. 1993, c. 478, §§ 3, 6; Todino, 448 Mass. at 241 n.9.

Consequently, for the foregoing reasons, we fail to be persuaded by the plaintiff that sovereign immunity has been waived, by necessary implication, for postjudgment interest on awards of punitive damages, attorney's fees, and costs.

<u>Judgment after rescript affirmed</u>.

GREEN, J. (dissenting).  In my view, the present case warrants a straightforward application of the rationale and conclusion of the Supreme Judicial Court in DeRoche v. Massachusetts Commn. Against Discrimination, 447 Mass. 1, 14 (2006).  In that case, as the majority acknowledges, the Supreme Judicial Court concluded that the waiver of sovereign immunity effected by the inclusion of political subdivisions of the Commonwealth within the statutory definitions of persons and employers set forth in G. L. c. 151B, § 1(1) and (5), means that public employers are subject to prejudgment interest on any award of compensatory damages.  By resting its conclusion on the statutory definitions of persons and employers, the court's rationale essentially placed the Commonwealth (and its political subdivisions) on the same footing as a private employer.  Ibid.

The purpose of postjudgment interest is to preserve the value of a damage award until the time it is paid.  It is settled that postjudgment interest will be imposed on awards of punitive damages against a private employer.[1]  See Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452, 454 (1999).  It is also settled that public employers are subject to punitive damages.  See Bain v. Springfield, 424 Mass. 758, 762-764

_____

[1] For that reason, the majority's attempt to distinguish actual and punitive damages based on a contrast between the compensatory nature of the former and the punitive nature of the latter is inapt.

(1997).  Under the rationale adopted by the court in DeRoche,
then, the inclusion of public employers within the statutory
definitions of persons and employers for purposes of G. L.
c. 151B subjects public employers to postjudgment interest on
both compensatory and punitive damages, just as it does private
employers.[2]

Because I believe DeRoche and Bain, considered together,
entitle the plaintiff to postjudgment interest on the punitive
damages awarded to her, I respectfully dissent.

---

[2] As the majority also acknowledges, the court in DeRoche,
supra at 19 n.19, also affirmed the assessment of postjudgment
interest on the damage award in that case.  Though the question
of postjudgment interest (as distinct from prejudgment interest)
appears not to have been contested in DeRoche, the distinction
is without a difference in terms of the rationale on which the
court rested its conclusion.  Accordingly, even if the court's
affirmance of the judgment concerning postjudgment interest in
DeRoche is considered dictum, the principles on which the
court's holding was based dictate that postjudgment interest be
treated the same.