NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11987


    HELEN BROWN  vs.  OFFICE OF THE COMMISSIONER OF PROBATION.



        Suffolk.    March 7, 2016. - October 11, 2016.

  Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
                        Hines, JJ.[1]


Governmental Immunity.  Commonwealth, Claim against.  Judgment,
    Interest.  Interest.  Damages, Interest, Punitive,
    Attorney's fees.  Practice, Civil, Interest, Costs,
    Attorney's fees.




    Civil action commenced in the Superior Court Department on
August 13, 2007.

    Following review by the Appeals Court, 84 Mass. App. Ct.
1109 (2013), a motion for postjudgment interest was considered
by Paul E. Troy, J., and judgment was entered by him.

    After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


    Jonathan J. Margolis (Beth R. Myers with him) for the
plaintiff.
    Sally A. VanderWeele, Assistant Attorney General, for the
Office of the Commissioner of Probation.

_____

    [1] Justices Spina, Cordy, and Duffly participated in the
deliberation on this case prior to their retirements.

Jamie Goodwin, for Massachusetts Employment Lawyers Association & others, amici curiae, submitted a brief.

LENK, J.  In this case, we consider whether sovereign immunity bars a plaintiff who is awarded punitive damages, costs, and attorney's fees as part of a judgment under G. L. c. 151B, § 9, from recovering postjudgment interest on those awards from a public employer.  The trial judge denied a request by the plaintiff, Helen Brown, for such interest, concluding that sovereign immunity has not been waived with respect to such interest, and judgment was entered accordingly.  A divided panel of the Appeals Court affirmed the judgment, see Brown v. Office of the Commissioner of Probation, 87 Mass. App. Ct. 729, 735 (2015), and we allowed the plaintiff's application for further appellate review.  Because we conclude that G. L. c. 151B, § 9, does not waive sovereign immunity from liability for postjudgment interest, either expressly or by necessary implication, we affirm.[2]

Background.  We recite only those facts necessary for understanding in context the question of law at issue here.  The plaintiff and a colleague sued the defendant, the office of the Commissioner of Probation, for sex discrimination, race discrimination, and retaliation, pursuant to the procedure set

_____

[2] We acknowledge the amicus brief of the Massachusetts Employment Lawyers Association, the American Civil Liberties Union of Massachusetts, and the Union of Minority Neighborhoods.

forth in G. L. c. 151B, § 9.  On February 9, 2011, a Superior Court jury found for the plaintiff on her retaliation claim,[3] and awarded $6,000 in compensatory damages and $500,000 in punitive damages.  The award of punitive damages was reduced to $108,000 by an order of remittitur.  On January 18, 2012, the office of the Commissioner of Probation additionally was ordered to pay $233,463.48 in attorney's fees and $13,294.47 in costs related to the trial.[4]  Following a decision by the Appeals Court affirming the order of remittitur,[5] judgment after rescript was entered on March 12, 2014.  That judgment, which provided for prejudgment interest and was paid in full on July 15, 2014, did not provide for the requested postjudgment interest.[6]

---

[3] The plaintiff did not prevail on her other claims.

[4] The amount of attorney's fees to award was a matter of dispute following trial.  The final amount awarded was $233,463.48, after the initial award was amended by the trial judge.

[5] The plaintiff was ordered to choose between accepting the reduced amount of punitive damages or proceeding to a new trial. She initially elected to proceed to a new trial, and requested that the decision granting remittitur be reported to the Appeals Court pursuant to Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 (1996).  After the Appeals Court affirmed the decision, see Brown v. Office of the Commissioner of Probation, 84 Mass. App. Ct. 1109 (2013), the plaintiff filed a motion to revoke her election to proceed to a new trial, and instead accept the reduced amount.  That motion was allowed.

[6] The judgment provided for postjudgment interest on the award of compensatory damages.  The defendant did not, however, contest that component of the judgment, and it has been paid.

Discussion. The plaintiff contends that her request for postjudgment interest on punitive damages, costs, and attorney's fees should have been granted, because G. L. c. 151B generally waives sovereign immunity with respect to such interest.[7] As that argument presents a question of law, we consider it de novo. See Commonwealth v. Spencer, 465 Mass. 32, 46 (2013).

"The general rule of law with respect to sovereign immunity is that the Commonwealth or any of its instrumentalities 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed [by] statute.'" DeRoche v. Massachusetts Comm'n Against Discrimination, 447 Mass. 1, 12 (2006), quoting General Elec. Co. v. Commonwealth, 329 Mass. 661, 664 (1953). While G. L. c. 235, § 8, provides for postjudgment interest against private entities for "[e]very judgment for the payment of money," that statute does not apply to claims against the Commonwealth or its subdivisions. See Onofrio v. Department of Mental Health, 411 Mass. 657, 660 n.5 (1992), citing C & M Constr. Co. v. Commonwealth, 396 Mass. 390, 393 (1985). Thus, public employers are not liable for postjudgment interest unless some other statute clearly waives sovereign immunity with respect to such interest. See Sheriff

---

[7] The parties do not dispute that the defendant is a public entity that generally is entitled to sovereign immunity when that immunity has not been waived.

of Suffolk County v. Jail Officers & Employees of Suffolk County, 465 Mass. 584, 597 (2013).  The plaintiff argues that G. L. c. 151B contains such a waiver.

General Laws c. 151B, the antidiscrimination statute, establishes the remedies available in judicial and agency proceedings against defendants who have engaged in unlawful discrimination and retaliation.  The statute waives sovereign immunity in several respects by including the Commonwealth "and all political subdivisions . . . thereof" in its definition of the persons and employers subject to it.  See DeRoche, supra at 12, citing G. L. c. 151, § 1 (1) and (5).  For example, sovereign immunity has been waived with respect to the recovery of punitive damages under G. L. c. 151B, § 9, which establishes the remedies available for a plaintiff who raises a claim of discrimination or retaliation in a judicial proceeding.  See Bain v. Springfield, 424 Mass. 758, 763 (1997).  Sovereign immunity also has been waived with respect to the recovery of prejudgment interest on an award of back pay under G. L. c. 151B, § 5, which establishes the remedies available to a plaintiff who raises such claims in an agency proceeding before the Massachusetts Commission Against Discrimination (commission).  See DeRoche, supra at 14.[8]  We have yet to

_____

[8] The defendant does not contest that public employers similarly are liable for prejudgment interest on compensatory

consider, however, whether sovereign immunity has been waived with respect to the recovery of postjudgment interest under G. L. c. 151B, § 9.[9]

In the plaintiff's view, DeRoche, supra at 13-14, interpreted G. L. c. 151B as expressing a general waiver of sovereign immunity, thereby making public employers liable for all remedies for which private employers are liable.  The plaintiff reasons that, because postjudgment interest is available under G. L. c. 151B on a judgment against a private employer, see Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452, 454 (1999), such interest also must be available against public employers.  We do not agree.

In DeRoche, supra, we considered whether G. L. c. 151B, § 5, which empowers the commission to "take such affirmative action, including, but not limited to, hiring, reinstatement or

_____

damages awarded in judicial proceedings pursuant to G. L. c. 151B, § 9.  The Appeals Court in Salvi v. Suffolk County Sheriff's Dep't, 67 Mass. App. Ct. 596, 608 (2006), so decided. See id. ("It is now settled law that sovereign immunity is no bar to the liability of a public sector employer for prejudgment interest on damages in a G. L. c. 151B discrimination case"). Accord Todino v. Wellfleet, 448 Mass. 234, 240 (2007).

[9] The court in DeRoche v. Massachusetts Comm'n Against Discrimination, 447 Mass. 1, 14 (2006), additionally affirmed an order requiring the payment of postjudgment interest on the compensatory damages at issue in that case.  That determination was made only "for purposes of [that] opinion," however, because the public employer had "presented no independent argument" regarding its liability for postjudgment interest as opposed to prejudgment interest.  See id. at 19 n.19.

upgrading of employees, with or without back pay . . . as, in the judgment of the commission, will effectuate the purposes of this chapter," allows for an award of prejudgment interest against a public employer. At the time DeRoche was decided, we already had held, in the private employment context, that the language of G. L. c. 151B, § 5, by its own terms, permits the commission to impose prejudgment interest as a remedy. See, e.g., New York & Mass. Motor Serv., Inc. v. Massachusetts Comm'n Against Discrimination, 401 Mass. 566, 583 (1988). In keeping with that precedent, we concluded in DeRoche, supra at 14, that G. L. c. 151B, § 5, waives sovereign immunity from liability for prejudgment interest, "[b]ecause G. L. c. 151B, § 5, authorizes the remedy of prejudgment interest, and public employers are, by virtue of § 1 (1) and (5), subject to the mandates of the statute." We did not, however, conclude that G. L. c. 151B includes a waiver of sovereign immunity in all respects.

Sovereign immunity advances important public policies, see Randall v. Haddad, 468 Mass. 347, 358 (2014), and cases cited, and the "rules of construction governing statutory waivers of sovereign immunity accordingly are stringent" (citation omitted). See Todino v. Wellfleet, 448 Mass. 234, 238 (2007). Waiver must be "expressed by the terms of a statute, or appear[] by necessary implication from them." Bain, 424 Mass. at 763,

quoting <u>C & M Constr. Co</u>., 396 Mass. at 392.  General Laws

c. 151B, § 9, provides, in relevant part:

> "This chapter shall be construed liberally for the
> accomplishment of its purposes, and any law inconsistent
> with any provision of this chapter shall not apply, but
> nothing contained in this chapter shall be deemed to repeal
> any provision of any other law of this commonwealth
> relating to discrimination . . . .

> ". . .

> "If the court finds for the petitioner, it may award
> the petitioner actual and punitive damages.  If the court
> finds for the petitioner it shall, in addition to any other
> relief and irrespective of the amount in controversy, award
> the petitioner reasonable attorney's fees and costs unless
> special circumstances would render such an award unjust."

That language does not expressly waive sovereign immunity from

liability for postjudgment interest.  Contrast G. L. c. 79, § 37

(expressly waiving sovereign immunity from liability for

postjudgment interest on eminent domain awards).  Accordingly,

we consider whether G. L. c. 151B, § 9, waives sovereign

immunity with respect to such interest by necessary implication.

Sovereign immunity from liability for postjudgment interest

by necessary implication requires "uncommonly forceful language"

indicating a legislative intent that the Commonwealth should

compensate plaintiffs without any loss whatsoever, including

loss of the time value of the money awarded.  See <u>Todino</u>, 448

Mass. at 235.  See also <u>Maimaron</u> v. <u>Commonwealth</u>, 449 Mass. 167,

181 (2007).  In <u>Todino</u>, <u>supra</u> at 236-237 & n.7, for example, we

determined that G. L. c. 41, § 111F, which allows police

officers to recover wages they are deprived of during periods of incapacity, waives sovereign immunity from liability for postjudgment interest by necessary implication, because it directs that plaintiffs be compensated "without loss of pay for the period of such incapacity," and that "[a]ll amounts payable under [that] section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, . . . regular compensation."  See G. L. c. 41, § 111F.  In that context, postjudgment interest was deemed "essential to vindicate fully an employee's express right to continued, timely compensation."  Todino, supra at 238.  In Maimaron, supra at 181, we determined that waiver of sovereign immunity from liability for postjudgment interest likewise was implied necessarily by the language of G. L. c. 258, § 9A, which indemnifies police officers "from all personal financial loss and expenses, including but not limited to legal fees and costs" incurred as a result of intentional torts or civil rights violations that take place in the scope of their employment (emphasis added).  In making that determination, we stressed that G. L. c. 258, § 9A, "places no limitation on the nature, or extent, of the financial loss."  Maimaron, supra.

In Onofrio, 411 Mass. at 658-659, by contrast, we concluded that G. L. c. 258, § 2, which makes the Commonwealth and its subdivisions liable for compensatory damages up to $100,000 "for

injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his [or her] office or employment," does not waive sovereign immunity from liability for postjudgment interest.  Construing the possibility of a statutory waiver of sovereign immunity stringently, we noted that the language of G. L. c. 258, § 2, does not clearly indicate a legislative intent "to compensate the plaintiff for loss of the use of money when damages are not paid on time." Onofrio, supra at 659-660.  Accordingly, we determined that postjudgment interest was not implied necessarily as an additional remedy.  See id. at 660.

Given this, we cannot say that G. L. c. 151B, § 9, necessarily implies a waiver of sovereign immunity from liability for postjudgment interest on punitive damages, costs, or attorney's fees.  By providing for a broad range of remedies, including compensatory and punitive damages, costs, and attorney's fees, G. L. c. 151B, § 9, indicates a strong legislative interest in both vindicating individual rights and eradicating systemic discrimination.  Notwithstanding the section's instruction that it should "be construed liberally," however, statutory waivers of sovereign immunity must be understood stringently.  See Todino, 448 Mass. at 238; Onofrio,

supra at 659.[10]  Unlike the worker's compensation and
indemnification statutes at issue in Todino, supra, and
Maimaron, 449 Mass. at 181, G. L. c. 151B, § 9, does not
describe an "express right to continued, timely compensation."
See Todino, supra.  Without language in G. L. c. 151B, § 9,
indicating such a clear legislative intent to compensate
specifically for the time value of money owed, we are
constrained to conclude that sovereign immunity bars the
plaintiff in this case from recovering postjudgment interest on
the awards at issue.

The Legislature remains free to revise G. L. c. 151B, § 9,
to waive sovereign immunity with respect to payment of
postjudgment interest, on compensatory and punitive damages.  As
currently enacted, however, the section does not contain
"uncommonly forceful language" that necessarily implies that the
Commonwealth should be liable for such postjudgment interest.
See Todino, supra at 235.  The trial judge therefore correctly
denied the plaintiff's request for postjudgment interest on the
award of punitive damages, costs, and attorney's fees.

Judgment affirmed.

---

[10] The provision enacting G. L. c. 258, § 2, the statute at
issue in Onofrio v. Department of Mental Health, 411 Mass. 657,
659-660 (1992), similarly instructs that that statute should "be
construed liberally for the accomplishment of [its] purposes."
See St. 1978, c. 512, § 18.