The plaintiff appeals from a judgment entered in the Superior Court, dismissing his complaint on the defendant's motion for summary judgment. We conclude that genuine issues of material fact preclude entry of summary judgment, and we reverse the judgment.
The plaintiff's complaint seeks payment for wages during a period when he was on leave for National Guard service, pursuant to G. L. c. 33, § 59.[3] The plaintiff now concedes that his argument in the Superior Court rested largely on amendments to the statute that came into effect in 2014, after the period for which he claims wages due. However, the plaintiff contends that he is entitled to wages pursuant to St. 2003, c. 137, § 1, "An Act Relative to Public Employees Serving in the Armed Forces of the United States" (act).
As a threshold matter, we reject the defendants' contention that the Wage Act, G. L. c. 149, §§ 148, 150, does not create a private right of action, or that the statute does not include an implied waiver of sovereign immunity. "Where, as here, the Legislature provides expressly that payments shall be made by a municipality or district, waiver of sovereign immunity as to those elements is obvious. Otherwise, the statute would be ineffective, and '[w]e will not impute [to the Legislature] ... an "intention to pass an ineffective statute." ' " Todino v. Wellfleet, 448 Mass. 234, 238 (2007), quoting from Bates v. Director of Office of Campaign & Political Fin., 436 Mass. 144, 173-174 (2002). We also agree with the plaintiff that his claim should have been construed to encompass an entitlement to payments pursuant to St. 2003, c. 137, § 1, even though the complaint did not refer to that act; the plaintiff's arguments at summary judgment invoked the statute, and both the motion judge and the defendants engaged the substance of the claim on that basis. See Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) ; Gallant v. Worcester, 383 Mass. 707, 709-710 (1981).
The defendants contend, as they did before the Superior Court judge, that the plaintiff's claim fails because his National Guard service was expressly excluded from eligibility for payments under the provisions of the act. Specifically, the act states that "[f]or the purposes of this section, the words 'active service' shall not include active duty for training in the army national guard or air national guard or as a reservist in the armed forces of the United States."[4] The defendants further cite the notation "ACTIVE DUTY (AD) FOR TRAINING" on the plaintiff's pay stubs included in the summary judgment record to establish that the plaintiff's service was excluded by the above-quoted language. However, the pay stubs at issue covered only a portion of the time the plaintiff was on leave for National Guard service, and his orders for the period from October 1, 2009, through September 30, 2010 (a period following the period reflected on the pay stubs), specify that he was ordered to "Full Time National Guard Duty-Operational Support."[5] Combined with the plaintiff's averments that he was assigned to the counter drug division, and construed in the light most favorable to the plaintiff, see Correia v. Fagan, 452 Mass. 120, 130 (2008), the summary judgment record does not establish as a matter of undisputed fact that the plaintiff's National Guard service was excluded from eligibility for payment under St. 2003, c. 137, § 1.
Judgment reversed.

On appeal, the plaintiff has abandoned his claims for discrimination and retaliation, asserted in counts 4 through 8 of his complaint.

In full, the act (as amended by St. 2005, c. 77, § 1), is as follows:
"Notwithstanding any general or special law to the contrary, an employee in the service of the commonwealth or a county, city or town that accepts this section as provided in this section, including an employee of a school district, who has been granted a military leave of absence because the employee is a member of the army national guard, the air national guard or a reserve component of the armed forces of the United States called to active service in the armed forces of the United States after September 11, 2001, shall be entitled to receive pay at his regular base salary as such a public employee, and shall not lose any seniority or any accrued vacation leave, sick leave, personal leave, compensation time or earned overtime. An employee eligible under this section shall be paid his regular base salary as a public employee for each pay period of military leave of absence after September 11, 2001, reduced by any amount received from the United States as base pay for military service performed during the same pay period. For purposes of this section, base pay shall not include any allowances, overtime pay, shift differential pay, hazardous duty pay or any other additional compensation received for military service. For the purposes of this section, the words 'active service' shall not include active duty for training in the army national guard or air national guard or as a reservist in the armed forces of the United States. This section shall take effect in a county, city or town upon its acceptance in a county, by vote of the county commissioners; in a city or town, as provided in section 4 of chapter 4 of the General Laws ; and in a regional school district, by vote of the school committee. Nothing in this section shall limit or reduce a person's entitlement to benefits under section 59 of chapter 33 of the General Laws, and nothing in this section shall entitle a person to benefits in excess of the maximum benefit provided under said section 59 of said chapter 33 for any period during which that person is receiving benefits under this section."

The plaintiff's military orders were included in the summary judgment record, but it does not appear that the parties directed the attention of the motion judge to them at the hearing on the motion for summary judgment, or otherwise directed any particular argument to them. We recognize that the plaintiff's failure to rely on the orders in his prior arguments could, if viewed strictly, constitute a waiver of any argument based on them now. However, insofar as the orders appear to raise a significant question concerning the plaintiff's eligibility for wages during a considerable period of active duty military service, we decline to hold the plaintiff to such a waiver.